# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

SHAREY THOMAS, *et al.,*
Individually and on behalf of all others
similarly situated,

       *Plaintiffs*,

   v.                                   Civil Action No. 3:21-cv-00498-DJN

MAXIMUS, INC.,

       *Defendant*.

_____/

## DEFENDANT'S ANSWER TO
## PLAINTIFFS' FIRST AMENDED COLLECTIVE/CLASS ACTION COMPLAINT

     Defendant Maximus, Inc. ("Maximus") hereby submits this Answer to Plaintiffs' First Amended Collective/Class Action Complaint (the "First Amended Complaint") (ECF No. 26). Maximus denies or reserves the right to challenge any assertion in the First Amended Complaint not expressly admitted in this Answer.  With respect to matters in this Answer that may constitute a legal defense, Maximus reserves the right to argue that Plaintiffs bear the burden of proof as to some or all of those matters.  Items in italics below denote matter quoted from the First Amended Complaint.

     *Plaintiffs, Sharey Thomas, Brenda Fowler, Jennifer Gilvin, Laura Vick, Shannon Garner, Nyeshia Young, Jennifer Salcido, and Jimnelly Salcedo bring this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiffs and the Putative Class Members") who worked for Maximus, Inc. (hereinafter "Defendant" or "Maximus"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the pro-*

*visions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b); Florida common law; the Kansas Wage Payment Act ("KWPA"), KAN. STAT. ANN. § 44-313, et seq.; the Kentucky Wage and Hour Act ("KWHA" or "Kentucky Act"), KY. REV. STAT. ANN. §§ 337.010, et seq.; the Louisiana Revised Statutes ("LWPA" or "Louisiana Wage Payment Act"), LA. REV. STAT. § 23:631, et seq., Louisiana Civil Code, LA. CIV. CODE ARTS. 2315, 2298 (collectively, "Louisiana Law"); Mississippi common law; Missouri common law, MO. REV. STAT. §§ 290.500, et seq.; Texas Common Law; and Virginia common law.*

*Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the additional state law claims are asserted as class actions under Federal Rule of Civil Procedure 23.  The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of the others.*

**ANSWER:**   The allegations set forth in the unnumbered prefatory paragraph to the First Amended Complaint state conclusions of law and Plaintiffs' characterization of the case to which no response is required.  To the extent a response is required, Maximus admits that Plaintiff purports to bring the action as described, but otherwise denies the allegations set forth in the preamble and introduction to the First Amended Complaint.  Maximus denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for collective or class action adjudication.

2

# I.
## *OVERVIEW*

1. *This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and class actions pursuant to the state laws of Florida, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Texas, and Virginia under FED. R. CIV. PROC. 23 to recover unpaid straight time, overtime wages, and other applicable penalties.*

**ANSWER:**   The allegations in Paragraph 1 of the First Amended Complaint state conclusions of law and Plaintiffs' characterization of the case to which no response is required.  To the extent a response is required, Maximus admits that Plaintiffs purport to bring the action as described, and otherwise deny the allegations in Paragraph 1 of the First Amended Complaint. Maximus denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for collective or class action adjudication.

2. *Plaintiffs and the Putative Class Members are those similarly situated persons who have worked for Maximus in call centers throughout the United States, at any time during the relevant time period(s) and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.*

**ANSWER:**   Maximus denies the allegations in Paragraph 2 of the First Amended Complaint, and denies that the case is appropriate for collective or class action adjudication.

3. *Specifically, Maximus has enforced a uniform company-wide policy wherein it improperly required its non-exempt hourly call-center employees—Plaintiffs and the Putative*

Firm:54538559

*Class Members—to perform work off-the-clock and without pay in violation of state and federal law.*

**ANSWER:**   Maximus denies the allegations in Paragraph 3 of the First Amended Complaint, and affirmatively denies the existence of a "uniform company-wide policy" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for collective or class action adjudication.

*4.    Maximus's illegal company-wide policy has caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.*

**ANSWER:**   Maximus denies the allegations in Paragraph 4 of the First Amended Complaint, and affirmatively denies the existence of a "company-wide policy" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for collective or class action adjudication.

*5.    Although Plaintiffs and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.*

**ANSWER:**   Maximus denies the allegations in Paragraph 5 of the First Amended Complaint, and denies that the case is appropriate for collective or class action adjudication.

*6.    Maximus knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked and the proper amount of overtime on a routine and regular basis during the relevant time period(s).*

**ANSWER:**   Maximus denies the allegations in Paragraph 6 of the First Amended Complaint, and denies that the case is appropriate for collective or class action adjudication.

7.      *Plaintiffs and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or applicable state laws.*

**ANSWER:**   The allegations in Paragraph 7 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus states that it has insufficient information to form a belief as to the truth of Plaintiffs' vague allegations in Paragraph 7 of the First Amended Complaint because Maximus has insufficient knowledge as to what specific work any unnamed putative collective or class action member may have performed for Maximus on any given day.  Maximus admits that the named Plaintiffs have, with at least one exception, not held roles with Maximus that are exempt from the overtime requirements of federal law or the law of the states in which they have worked.  Maximus further denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for collective or class action adjudication.

8.      *Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time, overtime, liquidated damages, and other damages owed under the state laws of Florida, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Texas, and Virginia as class actions pursuant to Federal Rule of Civil Procedure 23.*

**ANSWER:**   The allegations in Paragraph 8 of the First Amended Complaint constitute conclusions of law and Plaintiffs' characterization of the case to which no response is required. To the extent a response is required, Maximus admits that Plaintiffs purport to bring the action and to seek relief as described, but otherwise denies the allegations in Paragraph 8 of the First Amended Complaint.  Maximus further denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for collective or class action adjudication.

9.      *Plaintiffs pray that all similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.*

**ANSWER:**   The allegations in Paragraph 9 of the First Amended Complaint constitute Plaintiffs' characterization of the case to which no response is required.  To the extent a response is required, Maximus admits that Plaintiffs purports to seek relief as described, but otherwise denies the allegations in Paragraph 9 of the First Amended Complaint.  Maximus further denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for collective or class action adjudication.

10.     *Plaintiffs also pray that the Rule 23 class is certified as defined herein, and the Plaintiffs designated herein be named as Class Representatives.*

**ANSWER:**   The allegations in Paragraph 10 of the First Amended Complaint constitute Plaintiffs' characterization of the case to which no response is required.  To the extent a response is required, Maximus admits that Plaintiffs purport to seek relief as described, but otherwise denies the allegations in Paragraph 10 of the First Amended Complaint.  Maximus further denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for collective or class action adjudication.

## II.
## THE PARTIES

11.     *Plaintiff Sharey Thomas ("Thomas") was employed by Maximus in Lawrence, Kansas during the relevant time periods.  Plaintiff Thomas did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.*

**ANSWER:**   Maximus denies the allegations in Paragraph 11 of the First Amended Complaint, except admits that Plaintiff Sharey Thomas was employed by Maximus in Lawrence, Kansas from May 6, 2013 to May 18, 2020.

12.     *Plaintiff Brenda Fowler ("Fowler") was employed by Maximus in Lynn Haven, Florida during the relevant time periods.  Plaintiff Fowler did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.*

7

**ANSWER:**   Maximus denies the allegations in Paragraph 12 of the First Amended Complaint, except admits that Plaintiff Brenda Fowler was employed by Maximus in Lynn Haven, Florida from November 4, 2019 to February 24, 2021.

13.   *Plaintiff Jennifer Gilvin ("Gilvin") was employed by Maximus in Winchester, Kentucky during the relevant time periods.  Plaintiff Gilvin did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.*

**ANSWER:**   Maximus denies the allegations in Paragraph 13 of the First Amended Complaint, except admits that Plaintiff Jennifer Gilvin has been employed by Maximus in Winchester, Kentucky since August 26, 2019.

14.   *Plaintiff Laura Vick ("Vick") was employed by Maximus in Bogalusa, Louisiana during the relevant time periods.  Plaintiff Vick did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.*

**ANSWER:**   Maximus denies the allegations in Paragraph 14 of the First Amended Complaint, except admits that Plaintiff Laura Vick has been employed by Maximus in Bogalusa, Louisiana since October 27, 2014.

15.   *Plaintiff Shannon Garner ("Garner") was employed by Maximus in Hattiesburg, Mississippi during the relevant time periods.  Plaintiff Garner did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.*

Firm:54538559

**ANSWER:**   Maximus denies the allegations in Paragraph 15 of the First Amended Complaint, except admits that Plaintiff Shannon Garner was employed by Maximus in Hattiesburg, Mississippi from July 29, 2019 to February 20, 2020.

16.   *Plaintiff Nyeshia Young ("Young") was employed by Maximus in Kansas City, Missouri during the relevant time periods.  Plaintiff Young did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.*

**ANSWER:**   Maximus denies the allegations in Paragraph 16 of the First Amended Complaint, except admits that Plaintiff Nyeshia Young performed work for Maximus in Kansas City, Missouri from June 24, 2019 to December 21, 2019 and performed work for Maximus remotely in Missouri from December 9, 2020 to June 17, 2021.

17.   *Plaintiff Jennifer Salcido ("Salcido") was employed by Maximus in El Paso, Texas during the relevant time periods.  Plaintiff Salcido did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.*

**ANSWER:**   Maximus denies the allegations in Paragraph 17 of the First Amended Complaint, except admits that Jennifer Salcido was employed by Maximus in El Paso, Texas from January 21, 2020 to August 5, 2020.

18.   *Plaintiff Jimnelly Salcedo ("Salcedo") was employed by Maximus in Richmond, Virginia during the relevant time periods.  Plaintiff Salcedo did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.*

9

**ANSWER:**   Maximus denies the allegations in Paragraph 18 of the First Amended Complaint, except admits that Jimnelly Salcedo was employed by Maximus in Richmond, Virginia from November 21, 2017 to October 25, 2019.

19.   *The FLSA Collective Members are those current and former hourly call-center employees who were employed by Maximus at any time from July 30, 2018, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.*

**ANSWER:**   Maximus denies the allegations in Paragraph 19 of the First Amended Complaint, and affirmatively denies the existence of any "illegal pay system" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for collective action adjudication.

20.   *The Florida Class Members are those current and former hourly call-center employees who were employed by Maximus in Florida, at any time from July 30, 2017, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Fowler worked and was paid.*

**ANSWER:**   Maximus denies the allegations in Paragraph 20 of the First Amended Complaint, and affirmatively denies the existence of any "illegal pay system" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for class action adjudication.

21.   *The Kansas Class Members are those current and former hourly call-center employees who were employed by Maximus in Kansas, at any time from July 30, 2018, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Thomas worked and was paid.*

Firm:54538559

**ANSWER:**   Maximus denies the allegations in Paragraph 21 of the First Amended Complaint, and affirmatively denies the existence of any "illegal pay system" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for class action adjudication.

22.   *The Kentucky Class Members are those current and former hourly call-center employees who were employed by Maximus in Kentucky, at any time from July 30, 2016, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Gilvin worked and was paid.*

**ANSWER:**   Maximus denies the allegations in Paragraph 22 of the First Amended Complaint, and affirmatively denies the existence of any "illegal pay system" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for class action adjudication.

23.   *The Louisiana Class Members are those current and former hourly call-center employees who were employed by Maximus in the State of Louisiana, at any time from July 30, 2018, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Vick worked and was paid.*

**ANSWER:**   Maximus denies the allegations in Paragraph 23 of the First Amended Complaint, and affirmatively denies the existence of any "illegal pay system" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for class action adjudication.

24.   *The Mississippi Class Members are those current and former hourly call-center employees who were employed by Maximus in Mississippi, at any time from July 30, 2018, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Garner worked and was paid.*

**ANSWER:**   Maximus denies the allegations in Paragraph 24 of the First Amended Complaint, and affirmatively denies the existence of any "illegal pay system" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for class action adjudication.

25.   *The Missouri Class Members are those current and former hourly call-center employees who were employed by Maximus in Missouri, at any time from July 30, 2016, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Young worked and was paid.*

**ANSWER:**   Maximus denies the allegations in Paragraph 25 of the First Amended Complaint, and affirmatively denies the existence of any "illegal pay system" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for class action adjudication.

26.   *The Texas Class Members are those current and former hourly call-center employees who were employed by Maximus in Texas, at any time from July 30, 2017, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Salcido worked and was paid.*

**ANSWER:**   Maximus denies the allegations in Paragraph 26 of the First Amended Complaint, and affirmatively denies the existence of any "illegal pay system" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for class action adjudication.

27.   *The Virginia Class Members are those current and former hourly call-center employees who were employed by Maximus in Virginia, at any time from July 30, 2018, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Salcedo worked and was paid.*

Firm:54538559

**ANSWER:** Maximus denies the allegations in Paragraph 27 of the First Amended Complaint, and affirmatively denies the existence of any "illegal pay system" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for class action adjudication.

28. *Defendant Maximus, Inc. is a domestic for-profit corporation, organized under the laws of the State of Virginia, and has been served and appeared herein.*

**ANSWER:** Maximus admits the allegations in Paragraph 28 of the First Amended Complaint.

### III.
### JURISDICTION AND VENUE

29. *This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.*

**ANSWER:** Maximus admits the allegation in Paragraph 29 of the First Amended Complaint that this Court has federal question jurisdiction over the FLSA claims.  Further responding, Maximus denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.

30. *This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.*

**ANSWER:** Maximus denies the allegation in Paragraph 30 of the First Amended Complaint that this Court has supplemental jurisdiction over the Florida, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Texas, and Virginia state law claims.  Further responding, Maximus denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act,

Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.

31.     This Court has personal jurisdiction over Maximus because Maximus's conduct [sic] within this District and Division.

**ANSWER:**   Maximus admits the allegation in Paragraph 31 of the First Amended Complaint that this Court has personal jurisdiction over Maximus.  Further responding, Maximus denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.

32.     Venue is proper in the Eastern District of Virginia because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

**ANSWER:**   Maximus admits the allegation in Paragraph 32 of the First Amended Complaint that venue is proper in this Court.  Further responding, Maximus denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.

33.     Specifically, Maximus has maintained a working presence throughout the State of Virginia (and the United States), which is located within this District and Division.

**ANSWER:**   Maximus admits the allegation in Paragraph 33 of the First Amended Complaint that it has maintained a working presence in Virginia.  Further responding, Maximus

14

denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.

34.     *Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).*

**ANSWER:**     Maximus admits the allegation in Paragraph 34 of the First Amended Complaint that venue is proper in this Court.  Further responding, Maximus denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.

### IV.
### ADDITIONAL FACTS

35.     *Maximus is a multinational services company with locations across the United States, Canada, Great Britain, Saudi Arabia, Italy, Singapore, South Korea, Sweden, and Australia.*

**ANSWER:**     Maximus admits the allegations in Paragraph 35 of the First Amended Complaint.

36.     *Maximus operates call centers throughout the United States and primarily serves federal, state, and local governments, holding itself out as "[t]he leading provider of Citizen Engagement Center solutions to government."*

**ANSWER:**     Maximus admits the allegations in Paragraph 36 of the First Amended Complaint that it operates call centers throughout the United States and primarily serves federal,

state, and local governments, and refers the Court to its website for a complete description of its services, which speaks for itself.

37.     *To provide its services, Maximus employs numerous hourly call-center employees—Plaintiffs and the Putative Class Members—who assist Maximus's clients' customers.*

**ANSWER:**     Maximus admits the allegation in Paragraph 37 of the First Amended Complaint that it employs call center employees, but otherwise denies Plaintiffs' vague allegations in Paragraph 37 of the First Amended Complaint because Maximus has insufficient knowledge as to what specific work any unnamed putative collective or class action member may have performed for Maximus on any given day.  Maximus further denies that the case is appropriate for collective or class action adjudication.

38.     *Plaintiffs and the Putative Class Members' job duties generally consisted of answering phone calls made by Maximus's clients' customers, answering customer inquiries, troubleshooting on behalf of customers, and generally assisting customers.*

**ANSWER:**     Maximus admits that the job duties of Maximus call center hourly employees often include the tasks listed in Paragraph 38 of the First Amended Complaint, but otherwise denies the allegations in Paragraph 38 of the First Amended Complaint.  Maximus further denies that the case is appropriate for collective or class action adjudication.

39.     *Plaintiff Thomas was employed by Maximus as a Customer Service Representative in Kansas from approximately April 2017 until May 2020.*

ANSWER:     Maximus denies the allegations in Paragraph 39 of the First Amended Complaint, except admits that Plaintiff Thomas was employed by Maximus in Lawrence, Kansas as a Customer Service Representative III ARC Medical from May 6, 2013 to May 18, 2020.

16

40.     *Plaintiff Fowler was employed by Maximus as a Customer Service Representative in Florida from approximately November 2019 until February 2021.*

**ANSWER:**   Maximus denies the allegations in Paragraph 40 of the First Amended Complaint, except admits that Plaintiff Fowler was employed by Maximus in Lynn Haven, Florida as a Customer Service Representative I Dual from November 4, 2019 to February 24, 2021.

41.     *Plaintiff Gilvin has been employed by Maximus as a Customer Service Representative in Kentucky since approximately August 2019.*

**ANSWER:**   Maximus denies the allegations in Paragraph 41 of the First Amended Complaint, except admits that Plaintiff Gilvin has been employed by Maximus in Winchester, Kentucky as a Customer Service Representative II Market since August 26, 2019.

42.     *Plaintiff Vick has been employed by Maximus as a Customer Service Representative in Louisiana since approximately February 2019.*

**ANSWER:**   Maximus denies the allegations in Paragraph 42 of the First Amended Complaint, except admits that Plaintiff Vick has been employed by Maximus in Bogalusa, Louisiana since November 17, 2018.  Further responding, Maximus avers that Plaintiff Vick worked as a Call Center Supervisor from November 17, 2018 to February 16, 2019, as an Associate Specialist Customer Service / Customer Service Representative I Dual from February 17, 2019 to October 31, 2020, and as a Call Center Supervisor since November 1, 2020.

43.     *Plaintiff Garner was employed by Maximus as a Customer Service Representative in Mississippi from approximately July 2019 until February 2020.*

**ANSWER:**   Maximus denies the allegations in Paragraph 43 of the First Amended Complaint, except admits that Plaintiff Garner was employed by Maximus in Hattiesburg, Mississippi as a Customer Service Representative I Dual from July 29, 2019 to February 20, 2020.

44.     *Plaintiff Young was employed by Maximus as a Customer Service Representative in Missouri from approximately June 2019 until October 2019.*

**ANSWER:**   Maximus denies the allegations in Paragraph 44 of the First Amended Complaint, except admits that Plaintiff Nyeshia Young performed work for Maximus in Kansas City, Missouri as an Admin 1 Administrative Services from June 24, 2019 to December 21, 2019 and performed work for Maximus remotely in Missouri as a Customer Service Representative II from December 9, 2020 to June 17, 2021.

45.     *Plaintiff Salcido was employed by Maximus as a Customer Service Representative in Texas from approximately January 2020 until August 2020.*

**ANSWER:**   Maximus denies the allegations in Paragraph 45 of the First Amended Complaint, except admits that Plaintiff Salcido was employed by Maximus in El Paso, Texas as a Survey Worker from January 21, 2020 to August 5, 2020.

46.     *Plaintiff Salcedo was employed by Maximus as a Customer Service Representative in Virginia from approximately January 2017 until October 2019.*

**ANSWER:**   Maximus denies the allegations in Paragraph 46 of the First Amended Complaint, except admits that Plaintiff Salcedo was employed by Maximus in Richmond, Virginia as a Customer Service Representative I Call Center from November 21, 2017 to October 25, 2019.

47.     *Plaintiffs and the Putative Class Members are non-exempt call-center employees that were (and continue to be) paid by the hour.*

**ANSWER:**   Maximus admits the allegations in Paragraph 47 of the First Amended Complaint that it employs and has employed non-exempt call center employees paid on an hourly basis.  To the extent that any of the members of the putative collective or class action also per-

18

formed salaried exempt roles during the relevant time period, Maximus understands such work and any associated workweeks to be beyond the scope of the First Amended Complaint.  If, however, such work and associated workweeks are within the scope of the First Amended Complaint, Maximus asserts that any such individuals are exempt from overtime requirements for the workweeks associated with those exempt roles under the executive, administrative, or professional exemptions, or a combination thereof.

48.     *Plaintiffs and the Putative Class Members typically worked (and continue to work) approximately forty (40) "on-the-clock" hours per week.*

**ANSWER:**   Maximus denies the allegation in Paragraph 48 of the First Amended Complaint.

49.     *In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members worked (and continue to work) an additional one (1) to two (2) hours "off-the-clock" per week for which they were not compensated.*

**ANSWER:**   Maximus denies the allegation in Paragraph 49 of the First Amended Complaint.

50.     *Maximus employed (and continues to employ) other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.*

**ANSWER:**   The allegations in Paragraph 50 of the First Amended Complaint are vague and ambiguous, and Maximus denies the allegations on that basis, except admits that it has employed individuals other than Plaintiffs.  Maximus further denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any un-

19

lawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for collective or class action adjudication.

51.     *Moreover, Plaintiffs and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Maximus resulting in the complained of FLSA and state law violations alleged herein.*

**ANSWER:**   Maximus denies the allegations in Paragraph 51 of the First Amended Complaint.  Maximus further denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for collective or class action adjudication

52.     *Maximus was (and continues to be) aware of its obligation to pay Plaintiffs and the Putative Class Members for all hours worked and pay the proper amount of overtime for all hours worked in excess of forty (40) each week but has failed to do so.*

**ANSWER:**   Maximus admits that it is aware of the wage and overtime pay requirements of the FLSA and applicable state law, but otherwise denies the allegations in Paragraph 52 of the First Amended Complaint.  Maximus further denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for collective or class action adjudication.

53.     *Because Maximus did not pay Plaintiffs and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Maximus's pay policies and practices violate the FLSA and the state laws alleged herein.*

**ANSWER:**   Maximus denies the allegations in Paragraph 53 of the First Amended Complaint, and affirmatively denies the existence of any corporate-wide "pay policies and practices" as alleged by Plaintiffs.  Further responding, Maximus denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for collective or class action adjudication.

### Unpaid Start-Up Time

54.     *Plaintiffs and the Putative Class Members were not (and continue to not be) compensated for all the hours they worked for Maximus as a result of Maximus's corporate policy and practice of requiring all call-center employees to be ready to take their first phone call the moment their official shift starts.*

**ANSWER:**   Maximus denies the allegations in Paragraph 54 of the First Amended Complaint, and affirmatively denies the existence of a "corporate policy and practice" as alleged by Plaintiffs.

55.     *Specifically, Plaintiffs and the Putative Class Members have been required to start and log into their computer, open multiple different Maximus computer programs, log in to each Maximus program, and ensure that each Maximus program is running correctly in order to take their first phone call, which comes in as soon as their official shift starts.*

**ANSWER:** Maximus denies the allegations in Paragraph 55 of the First Amended Complaint.

56. *This process can take up to thirty (30) minutes or longer.*

**ANSWER:** Maximus denies the allegations in Paragraph 56 of the First Amended Complaint.

57. *If Plaintiffs and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.*

**ANSWER:** Maximus denies the allegations in Paragraph 57 of the First Amended Complaint.

58. *If Plaintiffs and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.*

**ANSWER:** Maximus denies the allegations in Paragraph 58 of the First Amended Complaint.

59. *Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.*

**ANSWER:** Maximus denies the allegations in Paragraph 59 of the First Amended Complaint.

60. *Although this start-up time is necessary and integral to their job duties, Plaintiffs and the Putative Class Members have not been compensated for this time.*

**ANSWER:** Maximus denies the allegations in Paragraph 60 of the First Amended Complaint.

61. *Maximus has required Plaintiffs and the Putative Class Members to be ready to accept their first customer call the moment the employee's official shift starts.*

**ANSWER:**    Maximus denies the allegations in Paragraph 61 of the First Amended Complaint.

62.    *Maximus also required that Plaintiffs and the Putative Class Members must log on and have all the requisite computer programs running before their first phone call at the start of their official shift.*

**ANSWER:**    Maximus denies the allegations in Paragraph 62 of the First Amended Complaint.

63.    *As such, Maximus required (and continues to require) that Plaintiffs and the Putative Class Members perform these start-up tasks "off-the-clock" before their official shift begins.*

**ANSWER:**    Maximus denies the allegations in Paragraph 63 of the First Amended Complaint.

### *Unpaid Work During Meal Period Breaks*

64.    *Maximus provides Plaintiffs and the Putative Class Members with one unpaid 30-minute meal break each day.*

**ANSWER:**    Maximus admits the allegations in Paragraph 64 of the First Amended Complaint that it provides its non-exempt call center employees one unpaid meal break per shift, and otherwise denies the allegations in Paragraph 64 of the First Amended Complaint.

65.    *However, Maximus requires Plaintiffs and the Putative Class Members to perform "off-the-clock" work during their unpaid meal break.*

**ANSWER:**    Maximus denies the allegations in Paragraph 65 of the First Amended Complaint.

23

66.     *Plaintiffs and the Putative Class are required to stay on the clock and on call until the minute their meal break begins, clock out, then log out of the phone system or otherwise go into an aux mode, and then log off their computer prior to leaving their desk for their meal break.*

**ANSWER:**   Maximus denies the allegations in Paragraph 66 of the First Amended Complaint.

67.     *Plaintiffs and the Putative Class Members are required to log back into their computer, perform a restart process, log back into the phone system, then clock in, and be back on the phone right at the moment their meal break ends.*

**ANSWER:**   Maximus denies the allegations in Paragraph 67 of the First Amended Complaint.

68.     *The log off process used prior to taking a meal break can take one (1) to three (3) minutes.*

**ANSWER:**   Maximus denies the allegations in Paragraph 68 of the First Amended Complaint.

69.     *The log in process used after returning from a meal break can take one (1) to three (3) minutes.*

**ANSWER:**   Maximus denies the allegations in Paragraph 69 of the First Amended Complaint.

70.     *This lengthy log off and log in procedure had to be performed during Plaintiffs and the Putative Class Members' meal break per Maximus's policy.*

**ANSWER:**   Maximus denies the allegations in Paragraph 70 of the First Amended Complaint.

Firm:54538559

71.     *Because of this lengthy log off and log in procedure, Plaintiffs and the Putative Class Members were (and are) required to work during their 30-minute meal break period, and were not completely relieved of their duties for the thirty (30) minute break.*

**ANSWER:**   Maximus denies the allegations in Paragraph 71 of the First Amended Complaint.

72.     *Regardless of whether Plaintiffs and the Putative Class Members worked during their 30-minute meal break period, Maximus's policy is to automatically deduct thirty (30) minutes from Plaintiffs' and the Putative Class Members' paycheck for each day worked.*

**ANSWER:**   Maximus denies the allegations in Paragraph 72 of the First Amended Complaint.

73.     *Thus, Plaintiffs and the Putative Class Members were not paid for all breaks lasting less than thirty (30) minutes.*

**ANSWER:**   Maximus denies the allegations in Paragraph 73 of the First Amended Complaint.

### *Unpaid Re-Boot Time and Technical Downtime*

74.     *Further, Plaintiffs and the Putative Class Members' computers crashed multiple times each week and required Plaintiffs and the Putative Class Members to reboot them and complete the start-up process again—log back into their computers, open and sign back into each of their programs, ensure that each program is up and running, clock back in, and resume their work—which took ten (10) minutes or more each time.*

**ANSWER:**   Maximus denies the allegations in Paragraph 74 of the First Amended Complaint.

25

75.     *Plaintiffs and the Putative Class Members were not compensated for the time they worked for Maximus rebooting Maximus' computers after they crashed or experienced other technical difficulties.*

**ANSWER:**     Maximus denies the allegations in Paragraph 75 of the First Amended Complaint.

76.     *Upon information and belief, Plaintiffs and the Putative Class Members were also not compensated for the time they worked for Maximus resolving computer issues and failures, system issues and failures, program issues and failures, equipment issues and failures, and/or other technical issues or failures, or for the time Maximus engaged them to wait while Maximus attempted to resolve the issues or failures.*

**ANSWER:**     Maximus denies the allegations in Paragraph 76 of the First Amended Complaint.

77.     *Upon information and belief, Plaintiff and the Putative Class were not compensated for the time they spent waiting at Maximus's direction, for the technical or computer issues or failures to be resolved.*

**ANSWER:**     Maximus denies the allegations in Paragraph 77 of the First Amended Complaint.

### *Unpaid Post-Shift Calls*

78.     *Plaintiffs and the Putative Class Members were not (and still are not) permitted to hang up on customers and must finish every call regardless of how long it takes.*

**ANSWER:**     Maximus admits the allegations in Paragraph 78 of the First Amended Complaint that it does not permit its call center employees to hang up on customers, but other-wise denies the vague allegations in Paragraph 78 of the First Amended Complaint.

Firm:54538559

79.     *Plaintiffs and the Putative Class Members frequently found (and continue to find) themselves handling calls past the end of their shift end time or into their scheduled meal break.*

**ANSWER:**   Maximus denies Plaintiffs' vague allegations in Paragraph 79 of the First Amended Complaint because Maximus has insufficient knowledge as to what specific work any unnamed putative collective or class action member may have performed for Maximus on any given day.  Maximus further denies that the case is appropriate for collective or class action adjudication.

80.     *Plaintiffs and the Putative Class Members were not compensated for the time they worked for Maximus after their shifts ended or into their meal break although they were required to continue assisting customers.*

**ANSWER:**   Maximus denies the allegations in Paragraph 80 of the First Amended Complaint.

81.     *Additionally, Plaintiffs and the Putative Class Members were directed to clock out at the end of their shift before finishing any after call notes that needed to be entered, and then performing a lengthy shut down process.*

**ANSWER:**   Maximus denies the allegations in Paragraph 81 of the First Amended Complaint.

82.     *Because Maximus requires Plaintiffs and the Putative Class Members to perform these processes only after they have clocked out, Maximus requires Plaintiffs and the Putative Class Members to perform this work "off-the-clock."*

**ANSWER:**   Maximus denies the allegations in Paragraph 82 of the First Amended Complaint.

*Unpaid Shut Down Time*

83.    *Plaintiffs and the Putative Class Members were (and still are) required to carefully log out of each of Maximus's programs, and fully shut down their computer after their shift end time.*

**ANSWER:**    Maximus denies the allegations in Paragraph 83 of the First Amended Complaint.

84.    *Maximus trained Plaintiffs and the Putative Class Members to clock out after their last call, and then perform a specific computer shut down process, which could take anywhere from three (3) to five (5) minutes or more each day.*

**ANSWER:**    Maximus denies the allegations in Paragraph 84 of the First Amended Complaint.

85.    *If Plaintiffs and the Putative Class Members recorded the time they spent on the post-shift shut down process, they would accrue unauthorized overtime and be subject to discipline.*

**ANSWER:**    Maximus denies the allegations in Paragraph 85 of the First Amended Complaint.

86.    *Therefore, Maximus did not pay Plaintiffs and the Putative Class Members for their post-shift shut down.*

**ANSWER:**    Maximus denies the allegations in Paragraph 86 of the First Amended Complaint.

87.    *As a result of Maximus's corporate policy and practice of requiring Plaintiffs and the Putative Class Members to perform their computer start up tasks off-the-clock before the beginning of their shifts, to perform their computer shut down tasks after the end of their shift,*

*and to perform log-in and log-out processes during their unpaid meal period breaks Plaintiffs and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.*

**ANSWER:**   Maximus denies the allegations in Paragraph 87 of the First Amended Complaint, and affirmatively denies the existence of any "corporate policy and practice" as alleged by Plaintiffs.   Further responding, Maximus denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.   Maximus further denies that the case is appropriate for collective or class action adjudication.

88.      *Because Maximus did not pay Plaintiffs and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Maximus's pay policies and practices willfully violate the FLSA.*

**ANSWER:**   Maximus denies the allegations in Paragraph 88 of the First Amended Complaint, and affirmatively denies the existence of any corporate "pay policies and practices" as alleged by Plaintiffs.   Further responding, Maximus denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.   Maximus further denies that the case is appropriate for collective or class action adjudication.

89.     *Because Maximus did not pay Plaintiffs and the Putative Class Members for all straight-time hours worked, Maximus's pay policies and practices also violate the state laws of Florida, Kansas, Kentucky, Louisiana, Missouri, Mississippi, Texas, and Virginia.*

**ANSWER:**   Maximus denies the allegations in Paragraph 89 of the First Amended Complaint, and affirmatively denies the existence of any corporate "pay policies and practices" as alleged by Plaintiffs.  Further responding, Maximus denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for collective or class action adjudication.

## V.
## CAUSES OF ACTION

### COUNT ONE
### *(Collective Action Alleging FLSA Violations)*

**A.    FLSA COVERAGE**

90.     *All previous paragraphs are incorporated as though fully set forth herein.*

**ANSWER:**   Paragraph 90 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 89 of the First Amended Complaint.

91.     *The FLSA Collective is defined as:*

> **ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY MAXIMUS, INC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 30, 2018, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

**ANSWER:**   Maximus admits that Plaintiffs purport to proceed on behalf of the pur-ported collective defined in Paragraph 91 of the First Amended Complaint, but otherwise denies the allegations in Paragraph 91 of the First Amended Complaint, and denies that the case is ap-propriate for collective action adjudication.

92.     *At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).*

**ANSWER:**   The allegations in Paragraph 92 of the First Amended Complaint consti-tute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that during their respective employment with Maximus, Plaintiffs and the puta-tive collective action members (as defined by Plaintiffs herein) were "employees" within the meaning of Section 3(e) of the FLSA.  Maximus denies the remaining allegations in Paragraph 92 of the First Amended Complaint, and denies that the case is appropriate for collective action adjudication.

93.     *At all times hereinafter mentioned, Maximus has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).*

**ANSWER:**   The allegations in Paragraph 93 of the First Amended Complaint consti-tute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that during the time Plaintiffs were employed with Maximus, it was an "em-ployer" within the meaning of Section 3(d) of the FLSA.  Maximus denies the remaining allega-tions in Paragraph 93 of the First Amended Complaint, and denies that the case is appropriate for collective action adjudication.

94.     *At all times hereinafter mentioned, Maximus has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of*

*the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).*

**ANSWER:**   The allegations in Paragraph 94 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that its employees are subject to the applicable provisions of the FLSA during their employment, but denies the remaining allegations in Paragraph 94 of the First Amended Complaint.  Maximus further denies that the case is appropriate for collective action adjudication.

*95.     During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Maximus, these individuals have provided services for Maximus that involved interstate commerce for purposes of the FLSA.*

**ANSWER:**   The allegations in Paragraph 95 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that its employees are subject to the applicable provisions of the FLSA during their employment, but denies the remaining allegations in Paragraph 95 of the First Amended Complaint.  Maximus further denies that the case is appropriate for collective action adjudication.

Firm:54538559

96.     *In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA.  29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).*

**ANSWER:**    The allegations in Paragraph 96 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that its employees are subject to the applicable provisions of the FLSA during their employment, but denies the remaining allegations in Paragraph 96 of the First Amended Complaint.  Maximus further denies that the case is appropriate for collective action adjudication.

97.     *Specifically, Plaintiffs and the FLSA Collective Members are non-exempt hourly call-center employees of Maximus who assisted Maximus's customers throughout the United States. 29 U.S.C. § 203(j).*

**ANSWER:**    The allegations in Paragraph 97 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that its employees are subject to the applicable provisions of the FLSA during their employment, but denies the remaining allegations in Paragraph 97 of the First Amended Complaint.  Maximus further denies that the case is appropriate for collective action adjudication.  Maximus further notes that during portions of the time period at issue in this litigation, one or more named Plaintiffs as well as members of the putative FLSA Collective have been exempt from the overtime requirements of state and federal law.

Firm:54538559

98.     At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

**ANSWER:**     The allegations in Paragraph 98 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that its employees are subject to the applicable provisions of the FLSA during their employment, but denies the remaining allegations in Paragraph 98 of the First Amended Complaint.  Maximus further denies that the case is appropriate for collective action adjudication.

99.     The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 91.

**ANSWER:**     The allegations in Paragraph 99 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that Plaintiffs purport to proceed as stated therein, but denies that the case is appropriate for collective action adjudication.

100.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Maximus.

**ANSWER:**     Paragraph 100 of the First Amended Complaint does not contain factual allegations to which a response is required.  To the extent a response is required, Maximus admits that it maintains records regarding its employees, but otherwise denies the remaining allegations in Paragraph 100 of the First Amended Complaint.  Maximus further denies that the case is appropriate for collective action adjudication.

Firm:54538559

**B.**     *FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT*

*101.     Maximus has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.*

**ANSWER:**   Maximus denies the allegations in Paragraph 101 of the First Amended Complaint.

*102.     Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Maximus's acts or omissions as described herein; though Maximus is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.*

**ANSWER:**   Maximus denies the allegations in Paragraph 102 of the First Amended Complaint.

*103.     Moreover, Maximus knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).*

**ANSWER:**   Maximus denies the allegations in Paragraph 103 of the First Amended Complaint.

*104.     Maximus knew or should have known its pay practices were in violation of the FLSA.*

**ANSWER:**    Maximus denies the allegations in Paragraph 104 of the First Amended Complaint.

*105.    Maximus is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.*

**ANSWER:**    Maximus denies the allegations in Paragraph 105 of the First Amended Complaint.

*106.    Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Maximus to pay them according to the law.*

**ANSWER:**    Maximus states that it has insufficient information to form a belief as to the truth of the allegations in Paragraph 106 of the First Amended Complaint regarding Plaintiffs' level of sophistication, or the level of sophistication of any purported "FLSA Collective Member," and on that basis denies those allegations and denies the remaining allegations in Paragraph 106 of the First Amended Complaint.

*107.    The decision and practice by Maximus to not pay for all hours worked and the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.*

**ANSWER:**    Maximus denies the allegations in Paragraph 107 of the First Amended Complaint.

*108.    Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.*

**ANSWER:**     Maximus denies the allegations in Paragraph 108 of the First Amended Complaint, and denies that it violated the FLSA or any other law or regulations, or engaged in unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for collective action adjudication.

**C.      COLLECTIVE ACTION ALLEGATIONS**

*109.     All previous paragraphs are incorporated as though fully set forth herein.*

**ANSWER:**     Paragraph 109 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 108.

*110.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Maximus's employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.*

**ANSWER:**     Maximus admits that Plaintiffs purport to proceed as stated therein, but otherwise denies the allegations in Paragraph 110 of the First Amended Complaint.  Maximus further denies that the case is appropriate for collective action adjudication.

*111.     Other similarly situated employees of Maximus have been victimized by Maximus's patterns, practices, and policies, which are in willful violation of the FLSA.*

**ANSWER:**     Maximus denies the allegations in Paragraph 111 of the First Amended Complaint, and denies that the case is appropriate for collective action adjudication.

*112.     The FLSA Collective Members are defined in Paragraph 91.*

**ANSWER:**     Maximus admits that Plaintiffs purport to proceed on behalf of the purported collective defined in Paragraph 91 of the First Amended Complaint, but otherwise denies

Firm:54538559

the allegations in Paragraph 112 of the First Amended Complaint, and denies that the case is appropriate for collective action adjudication.

113.    *Maximus's failure to pay Plaintiffs and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Maximus, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.*

**ANSWER:**    Maximus denies the allegations in Paragraph 113 of the First Amended Complaint, and affirmatively denies the existence of any "general applicable policies and practices" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for collective action adjudication.

114.    *Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.*

**ANSWER:**    Maximus denies the allegations in Paragraph 114 of the First Amended Complaint.

115.    *The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.*

**ANSWER:**    Maximus denies the allegations in Paragraph 115 of the First Amended Complaint.

116.    *All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.*

**ANSWER:**   Maximus denies the allegations in Paragraph 116 of the First Amended Complaint, and denies that it violated the FLSA or any other law or regulations, or engaged in unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for collective action adjudication.

117.   *Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.*

**ANSWER:**   Maximus denies the allegations in Paragraph 117 of the First Amended Complaint, and denies that the case is appropriate for collective action adjudication, but admits that Plaintiffs' claims are individualized.

118.   *Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Maximus will retain the proceeds of its violations.*

**ANSWER:**   Maximus denies the allegations in Paragraph 118 of the First Amended Complaint, and denies that the case is appropriate for collective action adjudication.

119.   *Moreover, individual litigation would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.*

**ANSWER:**   Maximus denies the allegations in Paragraph 119 of the First Amended Complaint, and denies that the case is appropriate for collective action adjudication.

120.   *Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 91 and notice should be promptly sent.*

**ANSWER:**   Maximus denies the allegations in Paragraph 120 of the First Amended Complaint, and denies that the case is appropriate for collective action adjudication.

### COUNT TWO
*(Class Action Alleging Violations of Florida Common Law)*

A.      *VIOLATIONS OF FLORIDA COMMON LAW*

*121.    Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.*

**ANSWER:**    Paragraph 121 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 120 of the First Amended Complaint.

*122.    Plaintiff Fowler further brings this action pursuant to the Florida common law equitable theory of unjust enrichment and* quantum meruit.  *See Fernandez v. City of Fruitland Park, No. 5:16-cv-326, 2016 WL 8329400, at \*8 (M.D. Fla Dec. 6, 2016).*

**ANSWER:**    Maximus admits that Plaintiff Fowler purports to proceed as described in Paragraph 122 of the First Amended Complaint, but otherwise denies the allegation in Paragraph 122 of the First Amended Complaint

*123.    The Florida Class is defined as:*

> **ALL HOURLY CALL-CENTER EMPLOYEES WHO HAVE BEEN EMPLOYED BY MAXIMUS, INC. IN FLORIDA, AT ANY TIME FROM JULY 30, 2017, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Florida Class" or "Florida Class Members").**

**ANSWER:**    Maximus admits that Plaintiffs purport to proceed on behalf of the purported class defined in Paragraph 123 of the First Amended Complaint, but otherwise denies the allegations in Paragraph 123 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*124.    Plaintiff Fowler and the Florida Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Maximus.*

**ANSWER:**    Maximus denies the allegations in Paragraph 124 of the First Amended Complaint, and denies that it violated Florida law or any other law or regulations, or engaged in

unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for class action adjudication.

125.    *These claims are independent of their claims for unpaid overtime wages pursuant to the FLSA, and therefore, they are not preempted by the FLSA.*

**ANSWER:**    The allegations in Paragraph 125 constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus denies the remaining allegations in Paragraph 125 of the First Amended Complaint.

126.    *Plaintiff Fowler and the Florida Class Members conferred a valuable benefit on Maximus because they provided services to Maximus while not on the clock—during their respective computer start-up times, compensable breaks, and after their shifts ended—without compensation.*

**ANSWER:**    Maximus denies the allegations in Paragraph 126 of the First Amended Complaint.

127.    *Maximus was aware that Plaintiff Fowler and the Florida Class Members worked through their respective start-up times and after their shifts ended without compensation, and further, caused them to continue to work through their respective computer start-up times and after their shifts ended while off the clock and without pay.*

**ANSWER:**    Maximus denies the allegations in Paragraph 127 of the First Amended Complaint.

128.    *Maximus accepted or retained the benefit conferred by Plaintiff Fowler and the Florida Class Members.*

**ANSWER:**    Maximus denies the allegations in Paragraph 128 of the First Amended Complaint.

41

*129.    Plaintiff Fowler and the Florida Class Members conferred this benefit to Maximus at their own expense, that is they worked for several hours to the benefit of Maximus without pay.*

**ANSWER:**    Maximus denies the allegations in Paragraph 129 of the First Amended Complaint.

*130.    Further it would be unjust to allow Maximus to retain the benefit conferred by Plaintiff Fowler and the Florida Class Members under these circumstances.*

**ANSWER:**    Maximus denies the allegations in Paragraph 130 of the First Amended Complaint.

*131.    Maximus has therefore benefited from services rendered by Plaintiff Fowler and the Florida Class Members and it is inequitable for Maximus to retain the benefit of Plaintiff Fowler and the Florida Class Members' services without paying them fair value for them.*

**ANSWER:**    Maximus denies the allegations in Paragraph 131 of the First Amended Complaint.

**B.    *FLORIDA CLASS ACTION ALLEGATIONS***

*132.    Plaintiff Fowler and the Florida Class Members bring their Florida claim as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Maximus who worked in Florida at any time from July 30, 2017, through the present.  See FLA. STAT. § 95.11(3)(k).*

**ANSWER:**    The allegations in Paragraph 132 constitute Plaintiffs' characterization of the case to which no response is required.  To the extent a response is required, Maximus admits that Plaintiffs purport to bring the action as described, but otherwise denies the allegations in

42

Paragraph 132 of the First Amended Complaint. Maximus further denies that the case is appropriate for class action adjudication.

*133.    Class action treatment of Plaintiff Fowler and the Florida Class Members is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.*

**ANSWER:**    Maximus denies the allegations in Paragraph 133 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*134.    The number of Florida Class Members is so numerous that joinder of all class members is impracticable.*

**ANSWER:**    Maximus denies the allegations in Paragraph 134 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*135.    The claims alleged by Plaintiff Fowler share common issues of law and fact with the claims of the Florida Class Members.*

**ANSWER:**    Maximus denies the allegations in Paragraph 135 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*136.    Plaintiff Fowler is a member of the Florida Class and her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.*

**ANSWER:**    Maximus denies the allegations in Paragraph 136 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*137.    Plaintiff Fowler and her counsel will fairly and adequately represent the class members and their interests.*

**ANSWER:**    Maximus denies the allegations in Paragraph 137 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

Firm:54538559

*138.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.*

**ANSWER:**    Maximus denies the allegations in Paragraph 138 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*139.    Accordingly, the Florida Class should be certified as defined in Paragraph 123.*

**ANSWER:**    Maximus denies the allegations in Paragraph 139 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

## COUNT THREE
### *(Class Action Alleging Violations of the Kansas Wage Payment Act)*

**A.    KWPA COVERAGE**

*140.    Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.*

**ANSWER:**    Paragraph 140 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 139 of the First Amended Complaint.

*141.    The Kansas Class is defined as:*

> ***ALL HOURLY CALL-CENTER EMPLOYEES WHO HAVE BEEN EMPLOYED BY MAXIMUS, INC. IN KANSAS, AT ANY TIME FROM JULY 30, 2018, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Kansas Class" or "Kansas Class Members")***

**ANSWER:**    Maximus admits that Plaintiffs purport to proceed on behalf of the purported class defined in Paragraph 141 of the First Amended Complaint, but otherwise denies the

allegations in Paragraph 141 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

142.   *At all times hereinafter mentioned, Maximus was and has been an "employer" within the meaning of the KWPA.  KAN. STAT. ANN. § 44-313(a).*

**ANSWER:**   The allegations in Paragraph 142 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that during the time Plaintiff Thomas was employed with Maximus, it was an "employer" within the meaning of KWPA.  Maximus denies the remaining allegations in Paragraph 142 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

143.   *At all times hereinafter mentioned, Plaintiff Thomas and the Kansas Class Members have been "employees" within the meaning of the KWPA.  KAN. STAT. ANN. § 44-313(b).*

**ANSWER:**   The allegations in Paragraph 143 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that during their respective employment with Maximus in Kansas, Plaintiff Thomas and putative class and collective action members (as defined by Plaintiffs herein) were "employees" within the meaning of KWPA.  Maximus denies the remaining allegations in Paragraph 143 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

144.   *The employer, Maximus, is not exempt from the requirements under KWPA.*

**ANSWER:**   The allegation in Paragraph 144 constitutes a conclusion of law to which no response is required.  To the extent a response is required, Maximus admits that its employees

Firm:54538559

in Kansas are subject to the applicable provisions of the KWPA during their employment, but denies the remaining allegations in Paragraph 144 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

**B.**      ***FAILURE TO PAY WAGES IN ACCORDANCE WITH THE KWPA***

    *145.      All previous paragraphs are incorporated as though fully set forth herein.*

    **ANSWER:**      Paragraph 145 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 144 of the First Amended Complaint.

    *146.      The KWPA requires employers, like Maximus, to pay all wages due for all hours worked at least once during each calendar month, on regular paydays.* See KAN. STAT. ANN. *§ 44-314(a).*

    **ANSWER:**      The allegations in Paragraph 146 constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that its employees in Kansas are subject to the applicable provisions of the KWPA during their employment, but denies the remaining allegations in Paragraph 146 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

    *147.      Plaintiff Thomas and the Kansas Class Members are non-exempt employees who are entitled to be paid for all hours worked.*  See Id.

    **ANSWER:**      Maximus denies the allegations in Paragraph 147 of the First Amended Complaint, and denies that it violated the KWPA or any other law or regulations, or engaged in unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for class action adjudication.

148.    *Maximus has a company-wide policy and practice of failing to pay Plaintiff Thomas and Kansas Class Members for all hours worked within the time period defined by the KWPA.  See KAN. STAT. ANN. § 44-313(a); see also Garcia v. Tyson Foods, Inc., 766 F. Supp. 2d 1167 (D. Kan. 2011).*

**ANSWER:**    Maximus denies the allegations in Paragraph 148 of the First Amended Complaint, and affirmatively denies the existence of a "company-wide policy and practice" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for class action adjudication.

149.    *Plaintiff Thomas and the Kansas Class Members worked for Maximus and were (and continue to be) entitled to their earned wages for all hours worked.*

**ANSWER:**    Maximus admits that Plaintiff Thomas worked for Maximus, but otherwise denies Plaintiffs' vague allegations in Paragraph 149 of the First Amended Complaint because Maximus has insufficient knowledge as to whether any unnamed putative class action member may have been employed by Maximus and performed any work for Maximus on any given day.  Further responding, Maximus denies that it violated the KWPA or any other law or regulations, or engaged in unlawful conduct that could give rise to any claims, and denies that the case is appropriate for class action adjudication

150.    *Maximus is liable to Plaintiff Thomas and the Kansas Class Members for the wages they earned.*

**ANSWER:**    Maximus denies the allegations in Paragraph 150 of the First Amended Complaint.

151.    *Maximus willfully failed (and continues to fail) to pay Plaintiff Thomas and the Kansas Class Members for all hours worked.*

47

**ANSWER:**    Maximus denies the allegations in Paragraph 151 of the First Amended Complaint.

152.    *Maximus has a continuing policy and practice of failing to pay all wages earned by Plaintiff Thomas and the Kansas Class Members.*  See KAN. STAT. ANN. *§ 44-313(a).*

**ANSWER:**    Maximus denies the allegations in Paragraph 152 of the First Amended Complaint, and affirmatively denies the existence of any "continuing policy and practice" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for class action adjudication.

153.    *As a result of Maximus's illegal and company-wide policies applicable to Plaintiff Thomas and the Kansas Class Members' wages, Maximus violated the KWPA.*

**ANSWER:**    Maximus denies the allegations in Paragraph 153 of the First Amended Complaint, and affirmatively denies the existence of any "illegal and company-wide policies" as alleged by Plaintiffs.  Maximus further denies that the case is appropriate for class action adjudication.

154.    *Maximus's failure to pay for all hours worked to the Kansas Class Members who performed work on behalf of Maximus in Kansas is part of a continuing course of conduct.*

**ANSWER:**    Maximus denies the allegations in Paragraph 154 of the First Amended Complaint.

155.    *Plaintiff Thomas and the Kansas Class Members who performed work on behalf of Maximus in Kansas are entitled to invoke the benefits of the KWPA, including but not limited to KAN. STAT. ANN. § 44-315(b).*

**ANSWER:**    Maximus denies the allegations in Paragraph 155 of the First Amended Complaint.

Firm:54538559

*156.    As a result, this action may encompass all violations that occurred as part of Maximus's continuing course of conduct regardless of the date on which they occurred.*

**ANSWER:**    Maximus denies the allegations in Paragraph 156 of the First Amended Complaint.

*157.    Plaintiff Thomas and the Kansas Class Members have suffered damages and continue to suffer damages as a result of Maximus's acts or omissions described herein, and Maximus is in possession and control of necessary documents and information from which the Kansas Class Members would be able to precisely calculated* [sic] *damages.*

**ANSWER:**    Maximus denies the allegations in Paragraph 157 of the First Amended Complaint.

*158.    Plaintiff Thomas and the Kansas Class Members seek the amount of their underpayments based on Maximus's failure to pay wages for all hours worked, an equal amount as liquidated damages, and such other legal and equitable relief from Maximus's willful conduct as the Court deems just and proper.*

**ANSWER:**    The allegations in Paragraph 158 constitute conclusions of law and Plaintiffs' characterization of the case to which no response is required.  To the extent a response is required, Maximus admits that Plaintiffs purport to bring the action and to seek relief as described, but otherwise denies the allegations in Paragraph 158 of the First Amended Complaint. Maximus further denies that it violated the KWPA or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for class action adjudication.

*159.    Accordingly, the Kansas Class should be certified as defined in Paragraph 141.*

**ANSWER:**   Maximus denies the allegations in Paragraph 159 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

## C.   *KANSAS CLASS ACTION ALLEGATIONS*

*160.   Plaintiff Thomas brings her KWPA claims pursuant to Kansas law as a class action pursuant to Rule 23 on behalf of all similarly situated individuals who worked for Maximus in Kansas at any time between July 30, 2018, and the present.*

**ANSWER:**   The allegations in Paragraph 160 constitute Plaintiffs' characterization of the case to which no response is required.  To the extent a response is required, Maximus admits that Plaintiffs purport to bring the action as described, but otherwise denies the allegations in Paragraph 160 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

*161.   Class action treatment of Plaintiff Thomas and the Kansas Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.*

**ANSWER:**   Maximus denies the allegations in Paragraph 161 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*162.   The number of Kansas Class Members is so numerous that joinder of all class members is impracticable.*

**ANSWER:**   Maximus denies the allegations in Paragraph 162 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*163.   The claims alleged by Plaintiff Thomas share common issues of law and fact with the claims of the Kansas Class Members.*

Firm:54538559

**ANSWER:**   Maximus denies the allegations in Paragraph 163 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*164.   Plaintiff Thomas is a member of the Kansas Class, her claims are typical of the claims of other Kansas Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.*

**ANSWER:**   Maximus denies the allegations in Paragraph 164 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*165.   Plaintiff Thomas and her counsel will fairly and adequately represent the Kansas Class Members and their interests.*

**ANSWER:**   Maximus denies the allegations in Paragraph 165 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*166.   Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.*

**ANSWER:**   Maximus denies the allegations in Paragraph 166 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*167.   Accordingly, the Kansas Class should be certified as defined in Paragraph 141.*

**ANSWER:**   Maximus denies the allegations in Paragraph 167 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

## COUNT FOUR
### *(Class Action Alleging Violations of the Kentucky Wage and Hour Act)*

**A.     KWHA COVERAGE**

168.     *Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.*

**ANSWER:**     Paragraph 168 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 168 of the First Amended Complaint.

169.     *The Kentucky Class is defined as:*

> **ALL HOURLY CALL-CENTER EMPLOYEES WHO HAVE BEEN EMPLOYED BY MAXIMUS, INC. IN KENTUCKY, AT ANY TIME FROM JULY 30, 2016, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Kentucky Class" or "Kentucky Class Members").**

**ANSWER:**     Maximus admits that Plaintiffs purport to proceed on behalf of the purported class defined in Paragraph 169 of the First Amended Complaint, but otherwise denies the allegation in Paragraph 169 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

170.     *At all times hereinafter mentioned, Maximus has been an "employer" within the meaning of the KWHA.  KY. REV. STAT. ANN. §§ 337.010, et seq.; 803 KY. ADMIN. REGS. 1:005.*

**ANSWER:**     The allegations in Paragraph 170 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that during the time Plaintiff Gilvin was employed with Maximus, it was an "employer" within the meaning of KWHA.  Maximus denies the remaining allegations in Paragraph 170 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*171.    At all times hereinafter mentioned, Plaintiff Gilvin and the Kentucky Class Members have been "employees" within the meaning of the KWHA. KY. REV. STAT. ANN. §§ 337.010, et seq.; 803 KY. ADMIN. REGS. 1:005.*

**ANSWER:**    The allegations in Paragraph 171 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that during their respective employment with Maximus in Kansas, Plaintiff Gilvin and putative class and collective action members (as defined by Plaintiffs herein) were "employees" within the meaning of KWHA.  Maximus denies the remaining allegations in Paragraph 171 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

### B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE KWHA

*172.    All previous paragraphs are incorporated as though fully set forth herein.*

**ANSWER:**    Paragraph 172 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 171 of the First Amended Complaint.

*173.    The KWHA provides that no employer "shall require any employee to work without a rest period of at least (10) minutes for each four (4) hours worked . . . **No reduction in compensation shall be made for hourly or salaried workers.**"  KY. REV. STAT. ANN. § 337.365 (emphasis added).*

**ANSWER:**    The allegations in Paragraph 173 constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that its employees in Kentucky are subject to the applicable provisions of the KWHA during their employment, but

denies the remaining allegations in Paragraph 173 of the First Amended Complaint.  Maximus

further denies that the case is appropriate for class action adjudication

174.    The KWHA further requires that "[e]very employer doing business in [Kentucky]

shall . . . pay to each of its employees all wages or salary earned to a day not more than eighteen

(18) days prior to the date of that payment."  KY. REV. STAT. ANN. § 337.020.

**ANSWER:**    The allegations in Paragraph 174 constitute conclusions of law to which

no response is required.  To the extent a response is required, Maximus admits that its employees

in Kansas are subject to the applicable provisions of the KWHA during their employment, but

denies the remaining allegations in Paragraph 174 of the First Amended Complaint.  Maximus

further denies that the case is appropriate for class action adjudication.

175.    Maximus has willfully failed to pay Plaintiff Gilvin and the Kentucky Class

Members for all hours they worked. When this "off-the-clock" time is included as time worked,

Maximus has failed to pay Plaintiff Gilvin and the Kentucky Class Members correct wages, and

overtime wages, as required by the KWHA.

**ANSWER:**    Maximus denies the allegations in Paragraph 175 of the First Amended

Complaint.

176.    Plaintiff Gilvin and the Kentucky Class Members have suffered damages and

continue to suffer damages as a result of Maximus's acts or omissions as described herein, and

Maximus is in possession and control of necessary documents and information from which

Plaintiff Gilvin would be able to precisely calculate damages.

**ANSWER:**    Maximus denies the allegations in Paragraph 176 of the First Amended

Complaint.

177.    *Plaintiff Gilvin, on behalf of herself and the Kentucky Class Members, seeks recovery of their unpaid wages and an additional equal amount as liquidated damages, attorneys' fees, costs, and reasonable expenses of this action to be paid by Maximus.*  See KY. REV. STAT. ANN. § 337.385.

**ANSWER:**    Maximus denies the allegations in Paragraph 177 of the First Amended Complaint.

178.    *The proposed class of employees sought to be certified pursuant to the Kentucky Wage and Hour Act, is defined in Paragraph 169.*

**ANSWER:**    The allegations in Paragraph 178 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that Plaintiffs purport to proceed as stated therein, but denies that the case is appropriate for class action adjudication.

179.    *The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Maximus.*

**ANSWER:**    Paragraph 179 of the First Amended Complaint does not contain factual allegations to which a response is required.  To the extent a response is required, Maximus admits that it maintains records regarding its employees, but otherwise denies the remaining allegations in Paragraph 179 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

*C.      KENTUCKY CLASS ALLEGATIONS*

180.    *Plaintiff Gilvin brings her Kentucky claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Maximus*

*to work in Kentucky at any time between July 30, 2016, and the present.*  See *KY. REV. STAT. ANN. §413.120(2).*

**ANSWER:**    The allegations in Paragraph 180 constitute Plaintiffs' characterization of the case to which no response is required.  To the extent a response is required, Maximus admits that Plaintiffs purport to bring the action as described, but otherwise denies the allegations in Paragraph 180 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

181.    *Class action treatment of Plaintiff Gilvin's claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.*

**ANSWER:**    Maximus denies the allegations in Paragraph 181 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

182.    *The number of Kentucky Class Members is so numerous that joinder of all class members is impracticable.*

**ANSWER:**    Maximus denies the allegations in Paragraph 182 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

183.    *The claims alleged by Plaintiff Gilvin share common issues of law and fact with the claims of the Kentucky Class Members.*

**ANSWER:**    Maximus denies the allegations in Paragraph 183 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

184.    *Plaintiff Gilvin is a member of the Kentucky Class, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.*

Firm:54538559

**ANSWER:**   Maximus denies the allegations in Paragraph 184 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

185.   *Plaintiff Gilvin and her counsel will fairly and adequately represent the class members and their interests.*

**ANSWER:**   Maximus denies the allegations in Paragraph 185 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

186.   *Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.*

**ANSWER:**   Maximus denies the allegations in Paragraph 186 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

187.   *Accordingly, the Kentucky Class should be certified as in Paragraph 169.*

**ANSWER:**   Maximus denies the allegations in Paragraph 187 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

### COUNT FOUR
*(Class Action Alleging Violations of Louisiana Law)*

A.   *VIOLATIONS OF LOUISIANA LAW*

188.   *Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.*

**ANSWER:**   Paragraph 188 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 187 of the First Amended Complaint.

Firm:54538559

189.    *Plaintiff Vick further brings this action pursuant to the applicable Louisiana Law.*
*LA. REV. STAT. § 23:635; LA. CIV. CODE ARTS. 2315, 2298.*

**ANSWER:**    Maximus admits that Plaintiff Vick purports to proceed as described in
Paragraph 189 of the First Amended Complaint, but otherwise denies the allegation in Paragraph
189 of the First Amended Complaint.

190.    *The Louisiana Class is defined as:*

> **ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE
> EMPLOYED BY MAXIMUS, INC., IN LOUISIANA, AT ANY
> TIME FROM JULY 30, 2018, THROUGH THE FINAL
> DISPOSITION OF THIS MATTER. ("Louisiana Class" or
> "Louisiana Class Members").**

**ANSWER:**    Maximus admits that Plaintiffs purport to proceed on behalf of the pur-
ported class defined in Paragraph 190 of the First Amended Complaint, but otherwise denies the
allegation in Paragraph 190 of the First Amended Complaint, and denies that the case is appro-
priate for class action adjudication.

**B.    *FAILURE TO PAY WAGES IN ACCORDANCE WITH LOUISIANA LAW***

191.    *All previous paragraphs are incorporated as though fully set forth herein.*

**ANSWER:**    Paragraph 191 of the First Amended Complaint does not contain any fac-
tual allegations, and therefore, no response is required.  To the extent a response is required,
Maximus repeats its responses to Paragraphs 1 through 190 of the First Amended Complaint.

192.    *The proposed class of employees sought to be certified pursuant to Louisiana Law*
*is defined in Paragraph 161.*

**ANSWER:**    The allegations in Paragraph 192 of the First Amended Complaint consti-
tute conclusions of law to which no response is required.  To the extent a response is required,

Maximus admits that Plaintiffs purport to proceed as stated therein, but denies that the case is appropriate for class action adjudication.

### VIOLATIONS OF LA. CIV. CODE ART. 2315

*193.    All previous paragraphs are incorporated as though fully set forth herein.*

**ANSWER:**    Paragraph 193 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 163 of the First Amended Complaint.

*194.    The Louisiana Civil Code creates liability for "every act whatever of man that causes damages to another."  LA. CIV CODE ART. 2315.*

**ANSWER:**    The allegations in Paragraph 194 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that its employees in Louisiana are subject to the applicable provisions of the Louisiana Civil Code during their employment, but denies the remaining allegations in Paragraph 194 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

*195.    Conversion is the "commission of a wrongful act of dominion [and control] over the property of another in denial of or inconsistent with the owner's rights."  Bernofsky v. Tulane Univ. Med. School, 962 F.Supp. 895 (E.D. La. 1997) (citing Junior Money Bags, Ltd. v. Segal, 970 F.2d 1 (5th Cir. 1992)).*

**ANSWER:**    The allegations in Paragraph 195 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that its employees in Louisiana are subject to the applicable provisions of the Louisiana Civil Code during their employment, but denies the remaining allegations in Para-

graph 195 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

196.    *Conversion liability is established when the injured person owned or had a right to possess the property, the actor's use of the property was inconsistent with the owner's rights, and the use constitutes a wrongful taking.*  See id.

**ANSWER:**    The allegations in Paragraph 196 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that its employees in Louisiana are subject to the applicable provisions of the Louisiana Civil Code during their employment, but denies the remaining allegations in Paragraph 196 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

197.    *Maximus intentionally interfered with and exercised dominion and control over Plaintiff Vick and the Louisiana Class Members' wages and compensation that Plaintiff Vick and the Louisiana Class Members had the legal right to possess as alleged herein.*

**ANSWER:**    Maximus denies the allegations in Paragraph 197 of the First Amended Complaint.

198.    *Plaintiff Vick and the Louisiana Class Members have the legal right to possess the unpaid wages and compensation that Maximus has unlawfully withheld.*

**ANSWER:**    Maximus denies the allegations in Paragraph 198 of the First Amended Complaint.

199.    *As a result of Maximus's violations of LA. CIV. CODE ART. 2315, Plaintiff Vick and the Louisiana Class Members are entitled to recover the wages unlawfully withheld by Maximus,*

Firm:54538559

to the extent same does not overlap with or duplicate the FLSA damages alleged herein, costs of the action, and pre- and post-judgment interest pursuant to LA. CIV CODE ART. 2315.

**ANSWER:**   Maximus denies the allegations in Paragraph 199 of the First Amended Complaint, and denies that it violated the Louisiana Civil Code or any other law or regulations, or engaged in unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for class action adjudication.

### VIOLATIONS OF LA. REV. STAT. § 23:635

200.    All previous paragraphs are incorporated as though fully set forth herein.

**ANSWER:**   Paragraph 200 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 199 of the First Amended Complaint.

201.    LA REV. STAT. § 23:635 prohibits employers from deducting any sum from their employees' wages, unless permitted by law.

**ANSWER:**   The allegations in Paragraph 201 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that its employees in Louisiana are subject to the applicable provisions of the Louisiana Rev. Stat. § 23:635 during their employment, but denies the remaining allegations in Paragraph 201 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

202.    Maximus unlawfully made (and continues to make) deductions from Plaintiff Vick and the Louisiana Class Members' wages.

**ANSWER:**   Maximus denies the allegations in Paragraph 202 of the First Amended Complaint.

Firm:54538559

203.    *Maximus's knowing and intentional retention of these deducted wages were (and are) willful violations of LA REV. STAT. § 23:635.*

**ANSWER:**    Maximus denies the allegations in Paragraph 203 of the First Amended Complaint.

204.    *As a result of Maximus's unlawful deductions from their wages, Plaintiff Vick and the Louisiana Class Members have suffered damages and continue to suffer damages, and Maximus is in possession and control of necessary documents and information from which Plaintiff Vick would be able to precisely calculate damages.*

**ANSWER:**    Maximus denies the allegations in Paragraph 204 of the First Amended Complaint.

205.    *Plaintiff Vick, on behalf of herself and the Louisiana Class Members, are entitled to recover their unpaid wages, penalty wages, reasonable attorneys' fees, and pre- and post-judgment interests, to be paid by Maximus.  See LA. REV. STAT. § 23:635.*

**ANSWER:**    Maximus denies the allegations in Paragraph 205 of the First Amended Complaint, and denies that it violated the Louisiana Civil Code or any other law or regulations, or engaged in unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for class action adjudication.

206.    *The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Maximus.*

**ANSWER:**    Paragraph 206 of the First Amended Complaint does not contain factual allegations to which a response is required.  To the extent a response is required, Maximus admits that it maintains records regarding its employees, but otherwise denies the remaining allega-

tions in Paragraph 206 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

### VIOLATIONS OF LA. CIV. CODE ART. 2298

*207.   All previous paragraphs are incorporated as though fully set forth herein.*

**ANSWER:**   Paragraph 207 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 206 of the First Amended Complaint.

*208.   Additionally, and in the alternative, Plaintiff Vick and the Louisiana Class Members allege unjust enrichment.*

**ANSWER:**   Maximus admits that Plaintiffs Vick purports to proceed as described in Paragraph 208 of the First Amended Complaint, but otherwise denies the allegation in Paragraph 208 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*209.   The Louisiana Civil Code provides a "person who has been enriched without cause at the expense of another person is bound to compensate that person."  LA. CIV. CODE ART. 2298.*

**ANSWER:**   The allegations in Paragraph 209 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus admits that its employees in Louisiana are subject to the applicable provisions of the LA CIV. CODE ART. 2298 during their employment, but denies the remaining allegations in Paragraph 209 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

Firm:54538559

210.    *Maximus has enriched (and continues to enrich) itself without cause by failing and/or refusing to compensate Plaintiff Vick and the Louisiana Class Members all wages to which they are entitled.*

**ANSWER:**    Maximus denies the allegations in Paragraph 210 of the First Amended Complaint.

211.    *Maximus's enrichment was (and is) at Plaintiff Vick and the Louisiana Class Members' expense because, but for Maximus's intentional and willful violations, Plaintiff Vick and the Louisiana Class Members would have received compensation for all hours they worked.*

**ANSWER:**    Maximus denies the allegations in Paragraph 211 of the First Amended Complaint.

212.    *Plaintiff Vick and the Louisiana Class Members are entitled to recover their unpaid wages and pre- and post-judgment interests pursuant to LA. CIV. CODE ART. 2298.*

**ANSWER:**    Maximus denies the allegations in Paragraph 212 of the First Amended Complaint, and denies that it violated the Louisiana Civil Code or any other law or regulations, or engaged in unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for class action adjudication.

### C.    *LOUISIANA CLASS ALLEGATIONS*

213.    *Plaintiff Vick brings her Louisiana Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Maximus to work in Louisiana since July 30, 2018.*

**ANSWER:**    The allegations in Paragraph 213 of the First Amended Complaint constitute Plaintiffs' characterization of the case to which no response is required.  To the extent a response is required, Maximus admits that Plaintiffs purport to bring the action as described, but

Firm:54538559

otherwise denies the allegations in Paragraph 213 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

214.    *Class action treatment of the Louisiana Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.*

**ANSWER:**    Maximus denies the allegations in Paragraph 214 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

215.    *The number of Louisiana Class Members is so numerous that joinder of all class members is impracticable.*

**ANSWER:**    Maximus denies the allegations in Paragraph 215 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

216.    *The claims alleged by Plaintiff Vick share common issues of law and fact with the claims of the Louisiana Class Members.*

**ANSWER:**    Maximus denies the allegations in Paragraph 216 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

217.    *Plaintiff Vick is a member of the Louisiana Class, her claims are typical of the claims of the other Louisiana Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Louisiana Class Members.*

**ANSWER:**    Maximus denies the allegations in Paragraph 217 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

218.    *Plaintiff Vick and her counsel will fairly and adequately represent the Louisiana Class Members and their interests.*

Firm:54538559

**ANSWER:**   Maximus denies the allegations in Paragraph 218 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*219.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.*

**ANSWER:**   Maximus denies the allegations in Paragraph 219 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*220.     Accordingly, the Louisiana Class should be certified as defined in Paragraph 190.*

**ANSWER:**   Maximus denies the allegations in Paragraph 220 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

### COUNT SIX
*(Class Action Alleging Violations of Mississippi Common Law)*

**A.    *VIOLATIONS OF MISSISSIPPI COMMON LAW***

*221.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.*

**ANSWER:**   Paragraph 221 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 220 of the First Amended Complaint.

*222.     Plaintiff Garner further brings this action pursuant to the equitable theory of quantum meruit. See Newsom v. Carolina Logistics Servs., Inc., No. 2:11CV172-DCB-JMV,*

*2012 WL 3886127, at \*2 (N.D. Miss. Sept. 6, 2012) (citing* Fritts v. GAB Robins North America, Inc.*, No. 2:06CV35KS-MTP, 2007 WL 735675, at \*3 (S.D. Miss March 8, 2007)).*

**ANSWER:**   Maximus admits that Plaintiff Garner purports to proceed as described in Paragraph 222 of the First Amended Complaint, but otherwise denies the allegation in Paragraph 222 of the First Amended Complaint.

*223.   The Mississippi Class is defined as:*

> **ALL HOURLY CALL-CENTER EMPLOYEES WHO HAVE BEEN EMPLOYED BY MAXIMUS, INC. IN MISSISSIPPI, AT ANY TIME FROM JULY 30, 2018, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Mississippi Class" or "Mississippi Class Members").**

**ANSWER:**   Maximus admits that Plaintiffs purport to proceed on behalf of the purported class defined in Paragraph 223 of the First Amended Complaint, but otherwise denies the allegations in Paragraph 223 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*224.   The Mississippi Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Maximus.*

**ANSWER:**   Maximus denies the allegations in Paragraph 224 of the First Amended Complaint, and denies that it violated Mississippi law or any other law or regulations, or engaged in unlawful conduct that could give rise to any claims.   Maximus further denies that the case is appropriate for class action adjudication.

*225.   These claims are independent of Plaintiff Garner's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA.   See Newsom*, *2012 WL 3886127, at \*3 ("Plaintiffs' claims for the reasonable value of services rendered which are not addressed by the FLSA, i.e., gap time work ... are not preempted");* Washington v. Fred's

Stores of Tennessee, Inc., *427 F. Supp. 2d 725, 729 (S.D. Miss. 2006) (citing* Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1151 (9th Cir.2000)).*

> **ANSWER:**   The allegations in Paragraph 225 of the First Amended Complaint constitute conclusions of law to which no response is required.   To the extent a response is required, Maximus denies the remaining allegations in Paragraph 225 of the First Amended Complaint.

> 226.   *Plaintiff Garner and the Mississippi Class Members provided valuable services for Maximus, at Maximus's direction and with Maximus's acquiescence.*

> **ANSWER:**   Maximus denies the allegations in Paragraph 226 of the First Amended Complaint.

> 227.   *Plaintiff Garner and the Mississippi Class Members conferred a valuable benefit on Maximus because they provided services to Maximus while not on the clock—during their respective computer start-up times, compensable breaks, and after their shifts ended—without compensation[.]* [sic]

> **ANSWER:**   Maximus denies the allegations in Paragraph 227 of the First Amended Complaint.

> 228.   *Maximus accepted Plaintiff Garner and the Mississippi Class Members' services and benefited from their timely dedication to Maximus's policies and adherence to Maximus's schedule.*

> **ANSWER:**   Maximus denies the allegations in Paragraph 228 of the First Amended Complaint.

> 229.   *Maximus was aware that Plaintiff Garner and the Mississippi Class Members expected to be compensated for the services they provided Maximus.*

Firm:54538559

**ANSWER:**   Maximus denies the allegations in Paragraph 229 of the First Amended Complaint.

*230.    Maximus has therefore benefited from services rendered by Plaintiff Garner and the Mississippi Class Members, and it is inequitable for Maximus to retain the benefit of Plaintiff Garner and the Mississippi Class Members' services without paying fair value for them.*

**ANSWER:**   Maximus denies the allegations in Paragraph 230 of the First Amended Complaint.

*231.    Plaintiff Garner and the Mississippi Class Members are entitled to recover pursuant to the equitable theory of* quantum meruit.

**ANSWER:**   Maximus denies the allegations in Paragraph 231 of the First Amended Complaint, and denies that it violated the Mississippi law or any other law or regulations, or engaged in unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for class action adjudication.

**B.    MISSISSIPPI CLASS ALLEGATIONS**

*232.    Plaintiff Garner brings her Mississippi claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Maximus to work in Mississippi since July 30, 2018.  See* MISS. CODE § 15-1-49.

**ANSWER:**   The allegations in Paragraph 232 of the First Amended Complaint constitute Plaintiffs' characterization of the case to which no response is required.  To the extent a response is required, Maximus admits that Plaintiffs purport to bring the action as described, but otherwise denies the allegations in Paragraph 232 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

233.      *Class action treatment of the Mississippi Class Members is appropriate because, as alleged below, all of the Federal Rule of Civil Procedure 23's class action requisites are satisfied.*

**ANSWER:**      Maximus denies the allegations in Paragraph 233 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

234.      *The number of Mississippi Class Members is so numerous that joinder of all class members is impracticable.*

**ANSWER:**      Maximus denies the allegations in Paragraph 234 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

235.      *The claims alleged by Plaintiff Garner share common issues of law and fact with the claims of the Mississippi Class Members.*

**ANSWER:**      Maximus denies the allegations in Paragraph 235 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

236.      *Plaintiff Garner is a member of the Mississippi Class, her claims are typical of the claims of the other Mississippi Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Mississippi Class Members.*

**ANSWER:**      Maximus denies the allegations in Paragraph 236 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

237.      *Plaintiff Garner and her counsel will fairly and adequately represent the Mississippi Class Members and their interests.*

**ANSWER:**      Maximus denies the allegations in Paragraph 237 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*238.     Class certification is appropriate under the Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.*

**ANSWER:**     Maximus denies the allegations in Paragraph 238 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*239.     Accordingly, the Mississippi Class should be certified as defined in Paragraph 223.*

**ANSWER:**     Maximus denies the allegations in Paragraph 239 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

### COUNT SEVEN
*(Class Action Alleging Violations of Missouri Common Law)*

**A.     VIOLATIONS OF MISSOURI COMMON LAW**

*240.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.*

**ANSWER:**     Paragraph 240 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 239 of the First Amended Complaint.

*241.     Plaintiff Young further brings this action pursuant to the equitable theory of unjust enrichment to recover unpaid straight time, which is not covered by the FLSA.  See Cent. Parking Sys. of Missouri, LLC v. Tucker Parking Holdings, LLC, 519 S.W.3d 485, 498 (Mo. Ct. App. 2017).*

Firm:54538559

**ANSWER:**   Maximus admits that Plaintiff Young purports to proceed as described in Paragraph 241 of the First Amended Complaint, but otherwise denies the allegation in Paragraph 241 of the First Amended Complaint.

242.   *The Missouri Class is defined as:*

**ALL HOURLY CALL-CENTER EMPLOYEES WHO HAVE BEEN EMPLOYED BY MAXIMUS, INC. IN MISSOURI, AT ANY TIME FROM JULY 30, 2016, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Missouri Class" or "Missouri Class Members").**

**ANSWER:**   Maximus admits that Plaintiffs purport to proceed on behalf of the purported class defined in Paragraph 242 of the First Amended Complaint, but otherwise denies the allegations in Paragraph 242 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

243.   *The Missouri Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Maximus.*

**ANSWER:**   Maximus denies the allegations in Paragraph 243 of the First Amended Complaint, and denies that it violated the Missouri law or any other law or regulations, or engaged in unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for class action adjudication.

244.   *These claims are independent of Plaintiff Young's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA.  See Cope v. Let's Eat Out, Inc., No. 6:16-CV-03050-SRB, 2016 WL 3466140, at \*3 (W.D. Mo. June 21, 2016) (ruling unjust enrichment is not preempted by the FLSA or Missouri Minimum Wage Law).*

**ANSWER:**   The allegations in Paragraph 244 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus denies the allegations in Paragraph 244 of the First Amended Complaint.

245.   Maximus was enriched by receiving the benefit of unpaid labor provided by Plaintiff Young and the Missouri Class.

**ANSWER:**   Maximus denies the allegations in Paragraph 245 of the First Amended Complaint.

246.   The unpaid labor was provided at the expense of Plaintiff Young and the Missouri Class.

**ANSWER:**   Maximus denies the allegations in Paragraph 246 of the First Amended Complaint.

247.   Maximus accepted Plaintiff Young and the Missouri Class Members' valuable services and benefited from their timely dedication to Maximus's policies and adherence to Maximus's schedule.

**ANSWER:**   Maximus denies the allegations in Paragraph 247 of the First Amended Complaint.

248.   Maximus failed to pay the reasonable value of the service provided by Plaintiff Young and the Missouri Class Members.

**ANSWER:**   Maximus denies the allegations in Paragraph 248 of the First Amended Complaint.

249.   Further it would be unjust to allow Maximus to retain the benefit conferred by Plaintiff Young and the Missouri Class Members under these circumstances.

**ANSWER:**   Maximus denies the allegations in Paragraph 249 of the First Amended Complaint.

Firm:54538559

250.    *Maximus has therefore benefited from services rendered by Plaintiff Young and the Missouri Class Members, and it is inequitable for Maximus to retain the benefit of Plaintiff Young and the Missouri Class Members' services without paying fair value for them.*

**ANSWER:**    Maximus denies the allegations in Paragraph 250 of the First Amended Complaint.

### B.    MISSOURI CLASS ALLEGATIONS

251.    *Plaintiff Young brings her Missouri claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Maximus to work in Missouri since July 30, 2016.  See MO. ANN. STAT. § 516.120*

**ANSWER:**    The allegations in Paragraph 251 of the First Amended Complaint constitute Plaintiffs' characterization of the case to which no response is required.  To the extent a response is required, Maximus admits that Plaintiffs purport to bring the action as described, but otherwise denies the allegations in Paragraph 251 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

252.    *Class action treatment of the Missouri Class Members is appropriate because, as alleged below, all of the Federal Rule of Civil Procedure 23's class action requisites are satisfied.*

**ANSWER:**    Maximus denies the allegations in Paragraph 252 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

253.    *The number of Missouri Class Members are so numerous that joinder of all class members is impracticable.*

**ANSWER:**    Maximus denies the allegations in Paragraph 253 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

254.     *The claims alleged by Plaintiff Young share common issues of law and fact with the claims of the Missouri Class Members.*

**ANSWER:**   Maximus denies the allegations in Paragraph 254 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

255.     *Plaintiff Young is a member of the Missouri Class, her claims are typical of the claims of the other Missouri Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Missouri Class Members.*

**ANSWER:**   Maximus denies the allegations in Paragraph 255 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

256.     *Plaintiff Young and her counsel will fairly and adequately represent the Missouri Class Members and their interests.*

**ANSWER:**   Maximus denies the allegations in Paragraph 256 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

257.     *Class certification is appropriate under the Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.*

**ANSWER:**   Maximus denies the allegations in Paragraph 257 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

258.     *Accordingly, the Missouri Class should be certified as defined in Paragraph 242.*

**ANSWER:**   Maximus denies the allegations in Paragraph 258 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

Firm:54538559

## COUNT EIGHT
### *(Class Action Alleging Violations of Texas Common Law)*

**A.    VIOLATIONS OF TEXAS COMMON LAW**

259.    *Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.*

**ANSWER:**    Paragraph 259 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 258 of the First Amended Complaint.

260.    *Plaintiff Salcido further brings this action pursuant to the equitable theory of quantum meruit.  See Artemis Seafood, Inc. v. Butcher's Choice, Inc., No. CIV. A. 3:98-0282, 1999 WL 608853, at \*3 (N.D. Tex. Aug. 11, 1999)* (citing *Schuchart & Assocs. v. Solo Serve Corp.,* 1983 WL 1147, at \*23 (W.D. Tex. June 29, 1983)).

**ANSWER:**    Maximus admits that Plaintiff Salcido purports to proceed as described in Paragraph 260 of the First Amended Complaint, but otherwise denies the allegation in Paragraph 260 of the First Amended Complaint.

261.    *The Texas Class is defined as:*

> **ALL HOURLY CALL-CENTER EMPLOYEES WHO HAVE BEEN EMPLOYED BY MAXIMUS, INC. IN TEXAS, AT ANY TIME FROM JULY 30, 2017, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Class" or "Texas Class Members").**

**ANSWER:**    Maximus admits that Plaintiffs purport to proceed on behalf of the purported class defined in Paragraph 261 of the First Amended Complaint, but otherwise denies the allegations in Paragraph 261 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

Firm:54538559

262.    *Plaintiff Salcido and the Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Maximus.*

**ANSWER:**    Maximus denies the allegations in Paragraph 262 of the First Amended Complaint, and denies that it violated the Texas law or any other law or regulations, or engaged in unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for class action adjudication.

263.    *These claims are independent of Plaintiff Salcido's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA.  See Carman v. Meritage Homes Corp., 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).*

**ANSWER:**    The allegations in Paragraph 263 of the First Amended complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Maximus denies the allegations in Paragraph 263 of the First Amended Complaint.

264.    *Plaintiff Salcido and the Texas Class Members provided valuable services for Maximus, at Maximus's direction and with Maximus's acquiescence.*

**ANSWER:**    Maximus denies the allegations in Paragraph 264 of the First Amended Complaint.

265.    *Plaintiff Ramirez and the Texas Class Members conferred a valuable benefit on Maximus because they provided services to Maximus while not on the clock—during their respective computer start-up times, compensable breaks, and after their shifts ended—without compensation.*

**ANSWER:**    Maximus denies the allegations in Paragraph 265 of the First Amended Complaint.

266.    *Maximus accepted Plaintiff Salcido and the Texas Class Members' services and benefited from their timely dedication to Maximus's policies and adherence to Maximus's schedule.*

**ANSWER:**    Maximus denies the allegations in Paragraph 266 of the First Amended Complaint.

267.    *Maximus was aware that Plaintiff Salcido and the Texas Class Members expected to be compensated for the services they provided Maximus.*

**ANSWER:**    Maximus denies the allegations in Paragraph 238 of the First Amended Complaint.

268.    *Maximus has therefore benefited from services rendered by Plaintiff Salcido and the Texas Class Members and it is inequitable for Maximus to retain the benefit of Plaintiff Salcido and the Texas Class Members' services without paying fair value for them.*

**ANSWER:**    Maximus denies the allegations in Paragraph 268 of the First Amended Complaint.

269.    *Plaintiff Salcido and the Texas Class Members are thus entitled to recover pursuant to the equitable theory of* quantum meruit.

**ANSWER:**    Maximus denies the allegations in Paragraph 269 of the First Amended Complaint, and denies that it violated the Texas law or any other law or regulations, or engaged in unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for class action adjudication.

Firm:54538559

**B.    TEXAS CLASS ALLEGATIONS**

270.    *Plaintiff Salcido brings her Texas claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Maximus to work in Texas since July 30, 2017.  See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

**ANSWER:**    The allegations in Paragraph 270 of the First Amended Complaint constitute Plaintiffs' characterization of the case to which no response is required.  To the extent a response is required, Maximus admits that Plaintiffs purport to bring the action as described, but otherwise denies the allegations in Paragraph 270 of the First Amended Complaint.  Maximus further denies that the case is appropriate for class action adjudication.

271.    *Class action treatment of the Texas Class Members is appropriate because, as alleged below, all of the Federal Rule of Civil Procedure 23's class action requisites are satisfied.*

**ANSWER:**    Maximus denies the allegations in Paragraph 271 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

272.    *The number of Texas Class Members is so numerous that joinder of all class members is impracticable.*

**ANSWER:**    Maximus denies the allegations in Paragraph 272 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

273.    *The claims alleged by Plaintiff Salcido share common issues of law and fact with the claims of the Texas Class Members.*

**ANSWER:**    Maximus denies the allegations in Paragraph 273 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

274.    *Plaintiff Salcido is a member of the Texas Class, her claims are typical of the claims of the other Texas Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Texas Class Members.*

**ANSWER:**    Maximus denies the allegations in Paragraph 274 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

275.    *Plaintiff Salcido and her counsel will fairly and adequately represent the Texas Class Members and their interests.*

**ANSWER:**    Maximus denies the allegations in Paragraph 275 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

276.    *Class certification is appropriate under the Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.*

**ANSWER:**    Maximus denies the allegations in Paragraph 276 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

277.    *Accordingly, the Texas Class should be certified as defined in Paragraph 261.*

**ANSWER:**    Maximus denies the allegations in Paragraph 277 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

### *COUNT NINE*
*(Class Action Alleging Violations of Virginia Common Law)*

**A.    *VIOLATIONS OF VIRGINIA COMMON LAW***

278.    *All previous paragraphs are incorporated as though fully set forth herein.*

**ANSWER:**   Paragraph 278 of the First Amended Complaint does not contain any factual allegations, and therefore, no response is required.  To the extent a response is required, Maximus repeats its responses to Paragraphs 1 through 277 of the First Amended Complaint

279.   *Plaintiff Salcedo further brings this action pursuant to the equitable theory of quantum meruit.*

**ANSWER:**   Maximus admits that Plaintiff Salcedo purports to proceed as described in Paragraph 279 of the First Amended Complaint, but otherwise denies the allegation in Paragraph 279 of the First Amended Complaint.

280.   *The Virginia Class is defined as:*

> ***ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY MAXIMUS, INC. IN VIRGINIA, AT ANY TIME FROM JULY 30, 2018, THROUGH THE FINAL DISPOSITION OF THIS MATTER.  ("Virginia Class" or "Virginia Class Members").***

**ANSWER:**   Maximus admits that Plaintiffs purport to proceed on behalf of the purported class defined in Paragraph 280 of the First Amended Complaint, but otherwise denies the allegations in Paragraph 280 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

281.   *The Virginia Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Maximus.*

**ANSWER:**   Maximus denies the allegations in Paragraph 281 of the First Amended Complaint, and denies that it violated the Texas law or any other law or regulations, or engaged in unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for class action adjudication.

282.   *These claims are independent of Plaintiff Salcedo's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA.*

81

**ANSWER:**   The allegations in Paragraph 282 of the First Amended Complaint constitute conclusions of law to which no response is required.   To the extent a response is required, Maximus denies the allegations in Paragraph 282 of the First Amended Complaint.

283.   *The Virginia Class Members provided valuable benefit to Maximus in the form of labor.*

**ANSWER:**   Maximus denies the allegations in Paragraph 283 of the First Amended Complaint.

284.   *Maximus acknowledged and accepted the Plaintiff Salcedo and the Virginia Class Members' services and benefited from their timely dedication to Maximus'S* [sic] *policies and adherence to Maximus's schedule.*

**ANSWER:**   Maximus denies the allegations in Paragraph 284 of the First Amended Complaint.

285.   *Maximus was aware that Plaintiff Salcedo and the Virginia Class Members expected to be compensated for the services they provided Maximus.*

**ANSWER:**   Maximus denies the allegations in Paragraph 285 of the First Amended Complaint.

286.   *Maximus has therefore benefited from services rendered by Plaintiff Salcedo and the Virginia Class Members are entitled to recover pursuant to the equitable theory of* quantum meruit.

**ANSWER:**   Maximus denies the allegations in Paragraph 286 of the First Amended Complaint.

287.   *Further it would be unjust to allow Maximus to retain the benefit conferred by Plaintiff Salcedo and the Virginia Class Members under these circumstances.*

**ANSWER:**   Maximus denies the allegations in Paragraph 287 of the First Amended Complaint.

**B.**   *VIRGINIA CLASS ALLEGATIONS*

*288.   Plaintiff Salcedo brings her Virginia claim as a class pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Maximus to work in Virginia since July 30, 2018.  See VA. CODE ANN. § 8.01-246(4).*

**ANSWER:**   The allegations in Paragraph 288 of the First Amended Complaint constitute Plaintiffs' characterization of the case to which no response is required.  To the extent a response is required, Maximus admits that Plaintiffs purport to bring the action as described, but otherwise denies the allegations in Paragraph 288 of the First Amended Complaint. Maximus further denies that the case is appropriate for class action adjudication.

*289.   Class action treatment of the Virginia Class Members is appropriate because, as alleged below, all of the Federal Rule of Civil Procedure 23's class action requisites are satisfied.*

**ANSWER:**   Maximus denies the allegations in Paragraph 289 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*290.   The number of Virginia Class Members is so numerous that joinder of all class members is impracticable.*

**ANSWER:**   Maximus denies the allegations in Paragraph 290 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

*291.   The claims alleged by Plaintiff Salcedo share common issues of law and fact with the claims of the Virginia Class Members.*

Firm:54538559

**ANSWER:**    Maximus denies the allegations in Paragraph 291 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

292.    *Plaintiff Salcedo is a member of the Virginia Class, her claims are typical of the claims of the other Virginia Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Virginia Class Members.*

**ANSWER:**    Maximus denies the allegations in Paragraph 292 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

293.    *Plaintiff Salcedo and her counsel will fairly and adequately represent the Virginia Class Members and their interests.*

**ANSWER:**    Maximus denies the allegations in Paragraph 293 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

294.    *Class certification is appropriate under the Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.*

**ANSWER:**    Maximus denies the allegations in Paragraph 294 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

295.    *Accordingly, the Virginia Common Law Class should be certified as defined in Paragraph 280.*

**ANSWER:**    Maximus denies the allegations in Paragraph 295 of the First Amended Complaint, and denies that the case is appropriate for class action adjudication.

## VI.
## RELIEF SOUGHT

296.    *Plaintiffs respectfully pray for judgment against Maximus as follows:*

a.     For an Order certifying the FLSA Collective as defined in Paragraph 91 and requiring Maximus to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.     For an Order certifying the Florida Class as defined in Paragraph 12 and designating Plaintiff Fowler as the Class Representative of the Florida Class;

c.     For an Order certifying the Kansas Class as defined in Paragraph 141 and designating Plaintiff Thomas as the Class Representative of the Kansas Class;

d.     For an Order certifying the Kentucky Class as defined in Paragraph 169 and designating Plaintiff Gilvin as the Class Representative of the Kentucky Class;

e.     For an Order certifying the Louisiana Class as defined in Paragraph 190 and designating Plaintiff Vick as the Class Representative of the Louisiana Class;

f.     For an Order certifying the Mississippi Class as defined in Paragraph 223 and designating Plaintiff Garner as the Class Representative of the Mississippi Class;

g.     For an Order certifying the Missouri Class as defined in Paragraph 242 and designating Plaintiff Young as the Class Representative of the Missouri Class;

h.     For an Order certifying the Texas Class as defined in Paragraph 261 and designating Plaintiff Salcido as the Class Representative of the Texas Class;

i.     For an Order certifying the Virginia Class as defined in Paragraph 280 and designating Plaintiff Salcedo as the Class Representative of the Virginia Class;

j.     For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

Firm:54538559

k.      For an Order pursuant to Section 16(b) of the FLSA finding Maximus liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

l.      For an Order pursuant to Florida common law awarding Plaintiff Fowler and the Florida class Members unpaid straight time wages and other damages allowed by law;

m.      For an Order pursuant to Kansas state law awarding Plaintiff Thomas and the Kansas Class Members unpaid wages, liquidated damages, and other damages allowed by law;

n.      For an Order pursuant to Kentucky state law awarding Plaintiff Gilvin and the Kentucky Class Members unpaid wages, unpaid overtime, liquidated damages, and other damages allowed by law;

o.      For an Order pursuant to Louisiana state law awarding Plaintiff Vick and the Louisiana Class Members unpaid wages, penalty wages, and other damages allowed by law;

p.      For an Order pursuant to Mississippi common law awarding Plaintiff Garner and the Mississippi Class Members unpaid straight time wages and other damages allowed by law;

q.      For an Order pursuant to Missouri common law awarding Plaintiff Young and the Missouri Class Members unpaid straight time wages and other damages allowed by law;

r.      For an Order pursuant to Texas common law awarding Plaintiff Salcido and the Texas Class Members unpaid straight time wages and other damages allowed by law;

s.      For an Order pursuant to Virginia common law awarding Plaintiff Salcedo and the Virginia Class Members unpaid wages and other damages allowed by law;

      *t.*     *For an Order awarding costs and expenses of this action;*

      *u.*     *For an Order awarding attorneys' fees;*

      *v.*     *For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;*

      *w.*     *For an Order awarding Plaintiffs service awards as permitted by law;*

      *x.*     *For an Order compelling the accounting of the books and records of Maximus, at Maximus's own expense; and*

      *y.*     *For an Order granting such other and further relief as may be necessary and appropriate.*

**ANSWER:**   Maximus denies that it violated the FLSA, Florida common law, Kansas Wage Payment Act, Kentucky Wage and Hour Act, Louisiana Wage Payment Act, Louisiana Civil Code, Mississippi common law, Missouri common law, Texas common law, Virginia common law, or any other law or regulation, or engaged in any unlawful conduct that could give rise to any claims.  Maximus further denies that the case is appropriate for collective or class action adjudication.  Maximus respectfully requests that the Court determine that this case is not appropriate for class or collective action treatment, conclude that neither the named Plaintiffs nor any other party is entitled to any relief from Maximus whatsoever, enter judgment in favor of Maximus, award Maximus its cost of suit and such other relief as the Court deems appropriate, and dismiss this action with prejudice.

## DEFENSES

1.   The First Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The preliminary tasks for which the First Amended Complaint seeks recovery are neither principal activities nor integral and indispensable to principal activities, and thus are not compensable work under the FLSA or any other law or regulation.

3.      The First Amended Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimis* and therefore is not compensable.

4.      The claims of Plaintiffs and of members of the putative collective are barred by the applicable statute of limitations under the FLSA to the extent that the claims involved reflect activity outside the pertinent limitations periods.

5.      The claims of Plaintiffs and of members of the various putative state-law classes are barred by the applicable statutes of limitations under state law to the extent that the claims involved reflect activity outside the pertinent limitations periods.

6.      Maximus acted in good faith and not in a willful manner, rendering the FLSA's two-year statute of limitations applicable, rather than the three-year statute that applies to willful violations.

7.      The First Amended Complaint fails to state a claim for which liquidated damages may be granted.

8.      This case does not satisfy the requirements for proceeding as a collective action under the FLSA.  Plaintiffs are not similarly situated to each other or to other individuals.

9.      Allowing this case to proceed on a collective action basis without permitting Maximus to present evidence and defenses specific to each member of a collective would deny Maximus its right to Due Process under the Fifth Amendment to the United States Constitution.

10.     Allowing this case to proceed on a collective basis in a manner that allows Maximus the opportunity to present its defenses in a full and fair manner consistent with Due Process

Firm:54538559

would violate the Seventh Amendment to the United States Constitution either by depriving Maximus of a meaningful trial by jury or by violating the Reexamination Clause.

11.     Maximus properly paid Plaintiffs and its other employees in compliance with the FLSA and all other applicable laws and regulations.

12.     Plaintiffs' claims under state common law are preempted by the Fair Labor Standards Act.

13.     Plaintiffs' claims under state common law fail because they seek recovery not available at common law before the enactment of federal and state wage and hour statutes, and those statutes provide complete and detailed remedial schemes.

14.     Plaintiffs' claims for *quantum meruit* fail because of the parties' agreement and course of dealing regarding the wages they receive for their work-related activities.

15.     Plaintiffs' claims under state wage payment laws are barred because Maximus has a reasonable basis for not making the payments Plaintiffs currently seek, and thus those amounts are subject to a bona fide dispute.

16.     As this case is in its early stages, Maximus reserves the right to amend this Answer to assert additional defenses that become apparent as the case progresses.

Respectfully submitted,

By:     */s/ Paul DeCamp*

PAUL DECAMP (VA Bar No. 76204)
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C.  20037
Tel: 202-861-0900
Fax: 202-296-2882
PDeCamp@ebglaw.com

ADRIANA S. KOSOVYCH (admitted *pro hac vice*)
EPSTEIN, BECKER & GREEN, P.C.
875 Third Avenue
New York, New York 10022
Tel: 212-351-4500
Fax: 212-878-8600
AKosovych@ebglaw.com

Firm:54538559

AMARDEEP K. BHARJ (admitted *pro hac vice*)
EPSTEIN, BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 3250
Chicago, IL 60606
Tel:  312 599-1400
Fax:  312-845-1998
ABharj@ebglaw.com

*Counsel for Defendant*

November 16, 2021

90