## DECLARATION OF ERIC DALLEY

I, Eric Dalley, declare and state as follows:

1.      I am over the age of 18 and am otherwise competent to testify.  I have personal knowledge of the facts stated in this declaration.

2.      I am currently employed by Maximus, Inc. ("Maximus" or the "Company") at its facility located at 8475 Sandy Parkway, Sandy, Utah 84070.  I have been employed by the Company at this location since October 2013.

3.      My current job title is Customer Service Representative and I have held this position since October 2013.

4.      My primary job duty as a customer service representative is to answer telephone calls from beneficiaries and consumers, answering questions regarding Medicare account information and helping consumers enroll in health insurance coverage through the health insurance marketplace.

5.      I typically work Monday through Friday, 8 a.m. through 4:30 p.m.  I normally work approximately 40 hours per week at Maximus.  I sometimes work overtime on the weekends during the Open Enrollment Period, which is a busier time.  Whenever I do work overtime I am paid at time and a half.

6.      I am familiar with the policies and procedures in place at the call center location where I work based on my work experience with the Company.  I became familiar with these policies as soon as I started working at Maximus through the initial trainings.   Generally, the trainings covered how to record your time, how to clock in and out, and lunch breaks.

7.      I drive to work and usually arrive around 7:30 a.m.  I am not required to arrive early, I just do so I don't have to rush to be on time.  I usually go the restroom and then go to my

Initials: ED

work station, which I usually arrive at around 7:40. My computer is already on when I arrive. I will look at emails and my work schedule for the day until 8 a.m. I have to wait until at least 8 a.m. to log into the Avaya system. I will then log into the phone system, or Avaya, at 8 a.m. and there is a three minute grace period, so I don't have to go "available" until 8:03 a.m. If I don't log into Avaya 5 minutes and 59 seconds past 8 a.m., then I will be considered late. After I "go available," the first call will come in almost immediately.

8.  I am not expected to begin logging into my computer, computer programs, or the phone system, prior to the start of my scheduled shift. In fact, there is a policy that prohibits logging into the phone system before the start of your shift.

9.  I rarely experience technical issues with my computer or any of the programs I use, which happens approximately once every six months. If I experience a technical issue, I put my phone on unavailable and report the issue to a supervisor. I will have to submit an exception to a supervisor, and then I am paid for any time that I am experiencing a technical issue and am unable to take calls.

10.  My lunch break typically is scheduled for 11:30 a.m. My lunch break is 30 minutes long. I review my schedule each day in the Workforce Optimization platform, where I can also view my lunch break time. If I have a call that ends ten minutes or less before 11:30, I will go take lunch break early. If I am on a call the runs late past 11:30 a.m., I will go to lunch when the call ends. In any event, I still always take a thirty-minute lunch break. I will usually take my lunch break in the break room, which is about a one-minute walk away from my desk. I have never had to work through lunch, and have always been able to take a full thirty-minutes for my lunch break.

Initials: ED

11.     At the end of my shift, if I am not on a call with a client, I will enter my time starting at 4:28 p.m. in Deltek, the timekeeping system. That usually takes me about two minutes to enter. Then, I log out of the Avaya system at 4:30 p.m., the end of my shift. It takes one second to log out of the Avaya system. I the restart the computer, which again takes one second. I just leave after I press restart and don't wait around for it to restart. I leave my desk to leave work at 4:30 p.m.

12.     At the end of my shift, if I am on a call with a client that runs past 4:30, I stay on the call until it ends. Then, I will take two minutes entering my time and log out of Avaya. If I have to work any additional time after 4:30 due to a call running late, I will add that additional time when entering my time.

13.     I record the hours I work each day and each week in Deltek. When calculating hours worked, I base my start time on the time at which I log into Avaya at 8 a.m. I base my end time on the time at which I log out of Avaya.

14.     No one from Maximus has ever asked or required me to perform work "off the clock" or during my lunch break. To my knowledge, there is no policy at Maximus requiring that customer service representatives arrive before their start of their shift in order to log into their computer, phone, and various computer programs before the shift start time. No employee of Maximus has ever instructed me to arrive at work early and begin logging into my computer, phone and computer programs before my shift begins.

15.     Similarly, I am not aware of any Maximus policy requiring customer service representatives to remain at their work station while their computer is restarting, and no one from Maximus has ever instructed me to do so. In addition, I have never seen or heard of any

Initials: ED

customer service representatives remaining at their work station to wait for their computer to restart at the end of their shift.

16.    Before being interviewed by the Company's attorney in connection with providing this statement, the attorney read me a printed statement informing me that, among other things:

a.    a lawsuit has been filed against the Company by several current and former customer service representatives who worked in Maximus call centers in various states alleging that the Company failed to properly pay them, and other call center employees, for work they performed before and/or after their shifts;

b.    I am within the group of individuals the plaintiffs seek to represent in that case;

c.    as a potential participant in that lawsuit, my interests may be adverse to Maximus' interests;

d.    the attorney I spoke with represents only Maximus, and does not represent me or other employees of the company;

e.    speaking with the attorney was entirely voluntary, and I had the right not to speak with the attorney, and to end the conversation at any time;

f.    it was entirely my choice as to whether to sign this declaration, and I understand that the Company would neither reward me, nor discriminate or retaliate against me, based on my decision;

g.    I must review this declaration before signing it, notify the attorney of any errors, and sign it only if the declaration is entirely accurate; and

Initials: ED

h.      the information I provide may be used to support the Company's defense in the lawsuit, which may be adverse to my interests.

17.     I have not been pressured or coerced in any way to provide this declaration, nor have I been offered any benefit or reward for doing so. I attest to the facts in this declaration voluntarily and of my own free will.

I declare under penalty of perjury under the laws of the United States of America and the State of Utah that the foregoing is true and correct.

Date: 11/18/21

_____
Signature

Eric Dalley
_____
Printed Name

Initials: ED

Page 5 of 5