## DECLARATION OF TONJA CHISOLM

I, Tonja Chisolm, declare and state as follows:

1.      I am over the age of 18 and am otherwise competent to testify.  I have personal knowledge of the facts stated in this declaration.

2.      I am currently employed by Maximus, Inc. ("Maximus" or the "Company") at its facility located at 3915 S. Mendenhall Road, Memphis, Tennessee.  I have been employed by the Company since around March 2018.  I have worked at this location since December 2018.

3.      Between March 2018 and November 2018, I worked for Maximus at a call center in Hattiesburg, Mississippi.  Between October 2016 and November 2018, I worked at the same call center, but it was operated by General Dynamics.

4.      My current job title is "customer service representative."  I have worked in this position the entire time I have been with the Company.

5.      My primary job duty as a customer service representative is to handle customer telephone phone calls about child support cases, and payments regarding child support.  I handle inbound and outbound calls, but most of my calls are outbound.

6.      My current work schedule is 8:00 AM – 5:00 PM, Monday through Friday.  I take two paid 15-minute breaks, and one unpaid 60-minute lunch break, each day.  I do not work more than 40 hours in a week.

7.      I am familiar with the policies and procedures in place at my call center based on my work experience with the Company.

8.      I normally arrive at the facility parking lot around 7:50 am.  I usually stay in my car for about 3 minutes after I park in order to get mentally prepared for the day.  When I'm ready,

Initials: TL

usually around 7:53 am, I head to the facility. It usually takes me about 3-5 minutes to walk to the facility from the parking lot.

9. Once I arrive at the facility, I head to my cubicle. After I arrive at my cubicle (usually around 7:58 am), I log into my computer. This takes less than 1 minute. My computer is already "on" when I arrive at the facility about 90% of the time. After I am logged into my computer, I log into my phone. This takes approximately 5 seconds.

10. The first program I open and log into after I have logged into my computer is the "TCES" program, which provides me with information about my customers' cases. This usually takes about 2 minutes. Next, I open and log into "OnBase," which provides me with access to legal documents relating to my cases. This usually takes about 5 seconds. I then open and log into Outlook, which also takes about 5 seconds. Next, I open and log into my state email account. This takes about 5 seconds. I usually do not open and log into the "Deltek" timekeeping program until later in the day.

11. With the exception of TCES, I usually take my first calls from customers without having opened or logged into any of the programs listed above. To my knowledge, I am not required to have any of the other programs open and running when I take my first call.

12. When I am finished with my calls for the day, I (i) log out my phone, which takes approximately 1 second, and (ii) lock my computer, which takes approximately 2 seconds. I do not close out of any of my computer programs before locking my computer. Similarly, unless I receive special instructions from the IT department, which happens very rarely, I do not shut down or restart my computer before leaving the facility. To my knowledge, customer service representatives at my facility are not required to shut down or restart their computers prior to leaving the facility. I know of only one customer service representative who does so. However,

Initials: TU

when I worked at the facility in Mississippi, to my knowledge, customer service representatives were required to close out of their computer programs, and restart their computers, prior to leaving for the day.

13.    I record the hours I work each day and each week in the Deltek program. For each day I work, I personally enter my time using my computer. When calculating hours worked, I normally base my start time on the time at which I log into my phone. However, if I need to restart my computer at the beginning of my shift (which happens approximately 10% of the time), it usually takes me about 10 minutes to do so. Under those circumstances, because I often perform other tasks, such as mailing and faxes, while my computer is restarting, I base my start time at the time at which I arrived at the facility that morning (not the time at which I ultimately log into my phone).

14.    I usually do not have calls with customers that extend past my scheduled end time. This is because I normally stop taking calls around 4:30 pm (i.e., 30 minutes prior to the end of my shift) so that I can help with other things around the office, such as mailings and faxes. I typically leave the facility right at the end of my scheduled shift (i.e., 5:00 pm). However, if I need to work beyond my scheduled end time to complete a mailing or fax, I account for that additional working time in Deltek. Similarly, on the rare occasions that I have been on calls with customers that extended beyond my scheduled end time, I accounted for any additional working time in Deltek.

15.    To my knowledge, no one from Maximus has ever made downward adjustments to my time entries. In addition, no one from Maximus has ever asked or required me to perform work "off the clock."

Initials: TC

16.    Before being interviewed by the Company's attorney in connection with providing this statement, the attorney read me a printed statement informing me that, among other things:

a.    a lawsuit has been filed against the Company by a former customer service representative who worked in Brownsville, Texas alleging that the Company failed to properly pay her, and other call center employees, for work they performed before and/or after their shifts;

b.    I am within the group of individuals the plaintiff seeks to represent in that case;

c.    as a potential participant in that lawsuit, my interests may be adverse to Maximus' interests;

d.    the attorney I spoke with represents only Maximus, and does not represent me or other employees of the Company;

e.    speaking with the attorney was entirely voluntary, and I had the right not to speak with the attorney, and to end the conversation at any time;

f.    it was entirely my choice as to whether to sign this declaration, and I understand that the Company would neither reward me, nor discriminate or retaliate against me, based on my decision;

g.    I must review this declaration before signing it, notify the attorney of any errors, and sign it only if the declaration is entirely accurate; and

h.    the information I provide may be used to support the Company's defense in the lawsuit, which may be adverse to my interests.

17.    I have not been pressured or coerced in any way to provide this declaration, nor have I been offered any benefit or reward for doing so. I attest to the facts in this declaration voluntarily and of my own free will.

Initials: TC

I declare under penalty of perjury under the laws of the United States of America and the State of Tennessee that the foregoing is true and correct.

Date: 10/28/19

_____
Signature

Tonja Chisolm
_____
Printed Name

Initials: _____