UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SHAREY THOMAS, *et al.,*
Individually and on behalf of all others
similarly situated,

      *Plaintiffs*,

  v.                                                                                        Civil Action No. 3:21-cv-00498-DJN

MAXIMUS, INC.,

      *Defendant*.

_____/

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OPPOSED MOTION
TO AMEND ORDER TO PROVIDE FOR CERTIFICATION OF
AN INTERLOCUTORY APPEAL**

## INTRODUCTION

Defendant Maximus, Inc. ("Maximus") submits this Memorandum in Support of its Opposed Motion to Amend this Court's February 28, 2022 Order (ECF No. 64) (the "Order") to provide for interlocutory appeal to the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 1292(b).

This case presents important questions regarding the legal standard to be used when determining whether to certify a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). As set forth more fully below, the Order involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of this litigation, thereby satisfying the requirements for interlocutory appeal under 28 U.S.C. § 1292(b).

## PROCEDURAL AND FACTUAL BACKGROUND

Maximus is the leading operator of government health and human services programs. In connection with its operations, Maximus operates call centers throughout the United States. (ECF No. 1.) Maximus' customer service representatives ("CSRs") are primarily responsible for receiving inbound telephone calls from consumers who have questions or need assistance in connection with various government benefit programs. (*Id*.)

On July 30, 2021, Plaintiffs filed a lawsuit alleging that Maximus failed to pay them and other employees for all hours worked, including overtime, in violation of the FLSA and state law. (*Id*.) Specifically, Plaintiffs alleged that Maximus required them to work "off-the-clock" without pay. (*Id*.) Plaintiffs filed an Amended Complaint with substantially the same allegations on November 2, 2021. (ECF No. 26.)

On November 3, 2021, before any discovery had been conducted, Plaintiffs filed a Motion for Conditional Certification and Notice to Putative Class Members ("Certification Motion") requesting that this Court grant conditional certification and facilitate notice under the FLSA to a broad and diverse cohort of "all hourly call-center employees who were employed by Maximus, Inc., anywhere in the United States, at any time within the past three years, through final disposition of this matter." (ECF No. 28.)

On December 17, 2021, this Court issued a scheduling order stating that all discovery in the case must be concluded by March 1, 2022, requesting that the parties submit a proposed, agreed schedule for discovery, and setting a hearing on Plaintiffs' Certification Motion for March 2, 2022. (ECF No. 41.) The parties submitted a proposed discovery schedule on January 7, 2022. (ECF No. 44-1.) The parties also participated in a conference call with the Court that same day during which Plaintiffs requested that the Court stay discovery pending this Court's decision on Plaintiffs'

Certification Motion. (ECF No. 49, at 4-5, 8.) On January 10, 2022, the Court denied Plaintiffs' request to stay discovery. (ECF No. 45.) Thereafter, the parties submitted a stipulation regarding depositions and written discovery. (ECF No. 46.) The parties then engaged in discovery, which included Maximus taking the depositions of four named Plaintiffs, six opt-in Plaintiffs, and two expert witnesses.

On February 25, 2022, the parties participated in a conference call with the Court during which the Court clarified that the issue was what legal standard the Court should apply in determining whether to certify the collective under the FLSA. (ECF No. 62 at 4.) This Court noted that there was "value in . . . certifying this case to the Fourth Circuit" and informed the parties that it would issue an order applying the two-step standard for certification set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), but would allow Maximus to file a motion to certify an interlocutory appeal as to what standard should be used, which this Court stated it was "highly inclined to grant." (*Id*. at 4-5.) This Court further stated that "we need a circuit court decision on this issue" of what legal standard to apply and that "the only way this issue can be addressed is if a judge certifies it." (*Id*. at 5, 8.) This Court reiterated that "certifying the issue to the Fourth Circuit is important here" and that "the standard here could be very dispositive in terms of whether or not [the Court] certif[ies] this as a class." (*Id*. at 8.)

On February 28, 2022, this Court entered the Order granting in part and denying part Plaintiffs' Certification Motion, but inviting Maximus to move to certify an interlocutory appeal within 14 days of the Order. (ECF No. 64.) Maximus now moves the Court to amend the Order to provide for interlocutory appeal to the Fourth Circuit.

**LEGAL ARGUMENT**

I. **Standard for Interlocutory Appeal**

Pursuant to Section 1292(b), a district court may certify a non-final order for interlocutory appeal when the court finds that the order sought for appeal involves (1) a controlling question of law (2) about which there is substantial ground for difference of opinion and (3) an immediate appeal therefrom may materially advance the termination of the litigation.  28 U.S.C. § 1292(b). The relevant court of appeals may then, "in its discretion, permit an appeal to be taken from such order."  *Id*.

Section 1292(b) "has been construed as granting district courts 'circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable.'" *Difelice v. U.S. Airways, Inc*., 404 F. Supp. 2d 907, 908 (E.D. Va. 2005) (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 46 (1995)). "Whether to certify a non-final order for interlocutory review lies within the discretion of the trial court."  *Cooke-Bates v. Bayer Corp*., No. 3:10-CV-261, 2010 WL 4789838, at *2 (E.D. Va. Nov. 16, 2010) (citation omitted).

II. **This Case Involves a Controlling Question of Law.**

The first factor for certification can be divided into two requirements:  the question must be one "of law" and it must be "controlling."  *Hengle v. Asner*, No. 3:19CV250 (DJN), 2020 WL 855970, at *6 (E.D. Va. Feb. 20, 2020).

As to the first point, this Court's decision to apply the two-step certification process set forth in *Lusardi* constitutes a question of law.  *See Holder v. A&L Home Care & Training Ctr., LLC*, No. 1:20-cv-757, 2021 WL 3400654 (S.D. Ohio Aug. 4, 2021) (finding that "whether a district court is bound to follow the two-step certification process created in *Lusardi*" to be a "controlling question[] of law as to which there is substantial ground for difference in opinion and

4

therefore certifying its decision for interlocutory appeal); *Swales v. KLLM Transp. Servs., LLC* 410 F. Supp. 3d 786, 794 (S.D. Miss. 2019) (noting that the question on the correct standard to apply for conditional certification was a controlling question of law). Importantly, Maximus is not asking the Fourth Circuit to determine whether the Court applied *Lusardi* properly. Rather, Maximus seeks a determination that *Lusardi* was not the correct standard to apply in the first place. This narrow issue decided by the Court would require the Fourth Circuit to determine what legal standard should be used when determining whether to certify a collective action under the FLSA, 29 U.S.C. § 216(b), which undeniably is a "question of law."

To the second point, the Fourth Circuit has stated that a question of law may be controlling if the question's resolution "will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989) (unpublished). Even "[w]hen the resolution of a question would not completely end the litigation altogether, district courts look to whether the immediate appeal would be 'serious to the conduct of the litigation, either practically or legally.'" *Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14CV706, 2015 WL 3540473, at *4 (E.D. Va. June 3, 2015) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755–56 (3d Cir.1974)).

Here, the determination of what standard to apply, as this Court recognized, will materially affect the outcome of this litigation. *See* ECF No. 62, at 8 ("[T]he standard here could be very dispositive in terms of whether or not [the Court] certif[ies] this as a class."); *see also Hengle*, 2020 WL 855970, at *8 (rejecting argument that the question subject to certification was not a controlling question of law because it "would not completely dispose of this case" if the Fourth Circuit reversed the district court's application of choice of law); *Swales*, 410 F. Supp.3d at 794

(noting that "applying a different test for conditional certification . . . could materially impact the trial of this matter; the case will either be a collective action or involve individual claims").

The Fourth Circuit's resolution of which standard to apply when determining whether to certify a collective will determine the scope of the permissible notice and consequently will be material to determining the size of the potential collective, which will materially impact the case. *See, e.g.*, *Holder*, 2021 WL 3400654, at *10 (finding that applying the two-step standard "means notice goes to individuals who are not similarly situated to the named plaintiff" and the "resulting size of a conditionally certified collective . . . may materially affect the case's outcome"). As this Court has explained, a question of law is controlling when it is "serious to the conduct of the litigation, either practically or legally." *Integra Rec LLC*, 2015 WL 3540473, at *4 (quotation omitted). Here, there can be no question that the standard used to certify a collective is serious to the conduct of this litigation, both practically and legally. Accordingly, the first factor for certification of an interlocutory appeal is satisfied.

### III. There Are Substantial Grounds for Differences of Opinion as to the Standard to Apply in Determining Whether to Certify a Collective Action Under the FLSA.

"An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling question of law." *Cooke-Bates*, 2010 WL 4789838, at *2 (citing *McDaniel v. Mehfoud*, 708 F. Supp. 754, 756 (E.D. Va. 1989)). This Court has held that "[a] ground for dispute is 'substantial' where, for example, the controlling circuit has made no comment on conflicting opinions among the various circuits . . . or where the dispute raises a novel and difficult issue of first impression." *Id.* (citations omitted).

Here, there exist substantial grounds for difference of opinion as to what standard to apply in determining whether to certify a collective action under the FLSA. As this Court noted in its Memorandum Opinion Granting and Denying in Part Plaintiffs' Motion for Conditional

6

Certification ("Opinion"), "neither the Fourth Circuit nor the Supreme Court has prescribed a process for certification of FLSA collectives." (ECF No. 63 at 5) (citing *Ison v. MarkWest Energy Partners, LP*, 2021 WL 5989084, at *2 (S.D. W. Va. Dec. 17, 2021)). Indeed, to date, the only decision from a federal appellate court on the proper standard for certification of a collective action is *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021), though the Sixth Circuit recently accepted an interlocutory appeal from the Southern District Court of Ohio to determine "what standard to apply when conditionally certifying a collective action." *In re: A&L Home Care & Training Ctr.*, No. 21-305, ECF No. 12 (6th Cir Feb. 4, 2022).

Instead, many federal courts across the country, including district courts within the Fourth Circuit, have followed the two-step approach to certification set forth in *Lusardi*. (Opinion, at 5) (citation omitted). That said, several circuit courts have acknowledged that the two-step approach is not actually mandated, though they deem it to be "acceptable" or "sanctioned." *See, e.g.*, *Myers v. Hertz Corp.*, 624 F. 3d 537, 555 (2d Cir. 2010) ("[T]he district courts of this Circuit appear to have coalesced around a two-step method, a method which, while again not required by the terms of FLSA or the Supreme Court's cases, we think is sensible."); *Zavala v. Wal-Mart Stores, Inc.*, 691 F. 3d 527, 536 (3d Cir. 2012) (noting "conditional certification . . . is neither necessary nor sufficient for the existence of a representative action under the FLSA") (internal quotations omitted); *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F. 3d 239, 243 (3d Cir. 2013) ("Courts in our Circuit follow a two-step process[.]"); *White v. Baptist Mem. Health Care Corp.*, 699 F. 3d 869, 882 (6th Cir. 2012) (recognizing, but not "adopting," the standard used by district courts); *But see Campbell v. City of Los Angeles*, 903 F.3d 1090, 1110 (9th Cir. 2018) (referring to the two-step process as "a balancing test with no fulcrum" that offers district courts "no clue as to what kinds of 'similarity' matter under the FLSA").

Thus, there is a considerable difference of opinion among courts justifying an interlocutory appeal here. *See Holder*, 2021 WL 3400654, at *10 (noting that the Fifth Circuit in *Swales* "has parted ways with how most district courts in the country manage FLSA collective actions" and therefore, "fair-minded jurists may reach a different conclusion"). Accordingly, the second factor for certification of an interlocutory appeal is satisfied.

## IV. Certification Will Materially Advance the Ultimate Outcome of the Litigation.

In evaluating the third factor for certifying an interlocutory appeal, "the Court must examine whether appellate review might avoid protracted and expensive litigation." *Hengle*, 2020 WL 855970, at *7 (quotation omitted). In doing so, "courts use a case-specific analysis to determine whether the time and expense saved on interlocutory appeal would 'materially advance the ultimate termination of the litigation' as required by Section 1292(b)." *Integra Rec LLC*, 2015 WL 3540473, at *5 (quotations omitted).

Here, certifying the issue of what standard to apply to FLSA conditional certification for immediate appeal would "materially advance the ultimate termination of the litigation." If the Fourth Circuit defines with any particularity what the similarly situated standard requires, it would impact the size of the collective and the time it takes to litigate this case. *See Holder*, 2021 WL 3400654, at *10. As the Southern District of Ohio recognized in *Holder*, "[t]he size of the class and the investments of time and money have a direct bearing on settlement pressure, damages, and how the parties and the Court manage the litigation. So an immediate appeal may move this litigation along." *Id*. Indeed, if the Fourth Circuit reverses this Court's decision to apply *Lusardi* and instead, adopts an approach with an eye toward truly answering the question of whether Plaintiffs are similarly situated to the hourly call center employees they seeks to represent, there is a very good chance the collective would not proceed and notice would not issue. *See, e.g.*,

8

*Swales*, 985 F.3d at 434 (a "district court must rigorously scrutinize the realm of 'similarly situated' workers, and must do so from the outset of the case, not after a lenient, step one 'conditional certification'").

Reversal of certification would materially advance this litigation by allowing a crucial element of the case—its scope—to be analyzed at the beginning. Sending notice before doing so would open the possibility of hundreds, if not thousands, of individuals joining the case, despite not being similar to Plaintiffs. Making such a determination at the outset would materially advance the litigation by avoiding protracted and expensive litigation. Accordingly, the third factor for certification of an interlocutory appeal is satisfied.

## CONCLUSION

This case presents fundamental legal questions about the standard to be used in certifying a collective action under the FLSA. Neither the United States Supreme Court nor the Fourth Circuit has ever directly addressed this question. It is also an area where reasonable judges might disagree, as demonstrated by the split in district and now circuit courts. This issue is precisely the kind of question appropriate for interlocutory review. Accordingly, Maximus requests that the Court amend the Order and certify it for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) by stating that the Court makes the following findings:

1. That the Order involves a controlling question of law, specifically the standard a district court should use when deciding whether to certify an FLSA collective action;

2. That there is substantial ground for difference of opinion regarding that controlling question of law; and

3. That an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

Respectfully submitted,

EPSTEIN, BECKER & GREEN, P.C.

*/s/ Paul DeCamp*

| | |
|---|---|
| FRANCESCO A. DELUCA<br>  (admitted *pro hac vice*)<br>SHERELLE WU<br>  (admitted *pro hac vice*)<br>EPSTEIN, BECKER & GREEN, P.C.<br>125 High Street, Suite 2114<br>Boston, MA  02110<br>Tel:  617-603-1100<br>Fax: 617-249-1573<br>FDeLuca@ebglaw.com<br>SWu@ebglaw.com<br><br>JILL BIGLER<br>  (admitted *pro hac vice*)<br>CHRISTOPHER PAGE<br>  (admitted *pro hac vice*)<br>EPSTEIN, BECKER & GREEN, P.C.<br>375 North Front Street, Suite 325<br>Columbus, OH  43215<br>Tel:  614-872-2500<br>Fax: 614-633-1713<br>JBigler@ebglaw.com<br>CTPage@ebglaw.com | PAUL DECAMP (VA Bar No. 76204)<br>1227 25th Street, N.W., Suite 700<br>Washington, D.C.  20037<br>Tel: 202-861-1819<br>Fax: 202-861-3571<br>PDeCamp@ebglaw.com<br><br>ADRIANA S. KOSOVYCH<br>  (admitted *pro hac vice*)<br>EPSTEIN, BECKER & GREEN, P.C.<br>875 Third Avenue<br>New York, NY 10022<br>Tel: 212-351-4500<br>Fax: 212-878-8600<br>AKosovych@ebglaw.com<br><br>AMARDEEP K. BHARJ<br>  (admitted *pro hac vice*)<br>EPSTEIN, BECKER & GREEN, P.C.<br>227 West Monroe Street, Suite 3250<br>Chicago, IL  60606<br>Tel: 312 599-1400<br>Fax: 312-845-1998<br>ABharj@ebglaw.com |

*Counsel for Defendant*

March 14, 2022