IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SHAREY THOMAS *et al.*,
*individually and on behalf*
*of all others similarly situated*,
    Plaintiffs,

      v.                                       Civil No. 3:21cv498 (DJN)

MAXIMUS, INC.,
    Defendant.

## MEMORANDUM OPINION
### (Certifying Appeal, Denying Motion for
### Partial Reconsideration and Granting Motion to Strike)

Plaintiffs Sharey Thomas, Jennifer Gilvin, Laura Vick, Shannon Garner, Nyeshia Young and Olga Ramirez ("Plaintiffs") bring this action individually and on behalf of all other similarly situated individuals against Defendant Maximus, Inc. ("Defendant"), alleging violations of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b) ("the FLSA"); the Kansas Wage Payment Act ("KWPA"), Kan. Stat. Ann. § 44-313, *et seq.*; the Kentucky Wage and Hour Act ("KWHA" or "Kentucky Act"), Ky. Rev. Stat. Ann. §§ 337.010, *et seq.*; the Louisiana Revised Statutes ("LWPA" or "Louisiana Wage Payment Act"), La. Rev. Stat. § 23:631, *et seq.*, Louisiana Civil Code, La. Civ. Code Arts. 2315, 2298 (collectively, "Louisiana Law"); Mississippi common law; Missouri common law, Mo. Rev. Stat. §§ 290.500, *et seq.*; Texas common law; and Virginia common law.  Plaintiffs assert their FLSA claims as a collective action under § 16(b) of the FLSA, 29 U.S.C. § 216(b), and assert their state law claims as class actions under Federal Rule of Civil Procedure 23.

This matter now comes before the Court on the following motions by both parties:

1.      Defendant's Opposed Motion to Amend Order to Provide for Certification of an Interlocutory Appeal (Mot. for Interlocutory Appeal (ECF No. 67));

2.      Defendant's Opposed Motion for Partial Reconsideration (Mot. for Partial Reconsideration (ECF No. 65)); and,

3.      Plaintiff's Motion to Strike Supplemental Evidence (Mot. to Strike (ECF No. 73)).

For the reasons set forth below, the Court hereby GRANTS Defendant's Motion to Certify an Interlocutory Appeal (ECF No. 67), DENIES Defendant's Motion for Partial Reconsideration (ECF No. 65), and GRANTS Plaintiff's Motion to Strike (ECF No. 73).

## I.      BACKGROUND

The Court recites the allegations in Plaintiffs' Amended Complaint for the purposes of background only. Defendant, a Virginia multinational corporation, operates call centers throughout the United States and primarily serves federal, state and local governments as a "Citizen Engagement Center." (1st Am. Collective/Class Action Compl. ¶¶ 35-36 ("Am. Compl.") (ECF No. 26).) Plaintiffs and the Putative Collective Members[1] work as hourly call-center employees who assist the customers of Defendant's clients. (Am. Compl. ¶ 37.) Plaintiffs bring both this collective action to recover overtime wages, liquidated damages and other penalties pursuant to the FLSA and class actions pursuant to various state laws to recover unpaid straight time, overtime wages and other penalties. (Am. Compl. ¶ 1.)

---

[1]      The Court refers to the individuals who may be eligible to join this suit but have not yet done so as "putative collective members," "potential plaintiffs" or "potential opt-in plaintiffs."

Specifically, Plaintiffs assert that Defendant maintains and enforces a company-wide policy that requires all hourly call-center employees to get "call-ready"[2] before the start of their first shift, thereby requiring them to engage in unpaid, off-the-clock work every day. (Am. Compl. ¶¶ 54-63.) This process can take thirty minutes or longer. (Am. Compl. ¶ 56.) Likewise, Plaintiffs assert that Defendant required them to log out of their computer programs and shut down their computer after the end of their shifts, a three- to five-minute process, when they had already clocked out. (Am. Compl. ¶¶ 83-84.)

Further, Plaintiffs allege that Defendant allows them one unpaid thirty-minute meal break per day. (Am. Compl. ¶ 64.) However, per Defendant's policy, they may not log out of their computer and phone system until their meal break begins, a process that can take one to three minutes. (Am. Compl. ¶¶ 66, 68.) Similarly, they must return to their computer before the end of their meal break to log back into their computer and phone, a process that also takes one to three minutes. (Am. Compl. ¶¶ 67, 69.) Defendant automatically deducts the thirty-minute meal break period from Plaintiffs' pay, meaning that they are never paid for this shut-down and restart time during their breaks. (Am. Compl. ¶¶ 72-73.) Finally, Plaintiffs claim that Defendant required them to finish every call that they take, including those calls that run past the end of the start of their meal break and the end of their shift. (Am. Compl. ¶ 78-79.) Defendant did not compensate them for these activities, either. (Am. Compl. ¶ 80.)

In total, Plaintiffs claim that they regularly complete one to two hours of unpaid, off-the-clock work beyond their normal forty-hour workweek. (Pls.' Mem. of Law in Supp. of Pls.'

---

[2]    "Call-ready" means that an employee has logged into their computer and ensured that the necessary computer programs are running correctly so that the employee can take calls, answer emails and handle support tickets. (Am. Compl. ¶ 55; Pls.' Mem. of Law in Supp. of Pls.' Opposed Mot. for Conditional Certification and Notice to Putative Class Members at 4 n.8 (ECF No. 29).)

3

Opposed Mot. for Conditional Certification and Notice to Putative Class Members ("Pls.' Mem. in Supp. of Mot. for Conditional Certification") at 10 (ECF No. 29).) Employers subject to the FLSA must compensate employees at rates at least one-and-one-half times their regular rates of compensation for all hours worked in excess of forty hours per week. 29 U.S.C. §§ 206-07, 215(a)(2).

### B.   Procedural History

On July 30, 2021, Plaintiffs filed their original Complaint. (ECF No. 1.) They filed their Amended Complaint on November 2, 2021. (ECF No. 26.) In Count One, Plaintiffs bring a collective action against Defendant under the FLSA. (Am. Compl. ¶¶ 90-120.) In Counts Two through Nine, Plaintiffs bring class actions under the laws of Florida, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Texas and Virginia. (Am. Compl. ¶¶ 121-295.) Based on these claims, Plaintiffs, on their own behalf and on behalf of the Putative Collective Members, seek class certification under the FLSA and pursuant to the relevant state laws, unpaid wages, costs and expenses, attorneys' fees, pre- and post-judgment interest, a service award for Plaintiffs and accounting of Defendant's books and records. (Am. Compl. ¶ 296.)

On November 3, 2021, Plaintiffs moved for conditional certification and notice to putative collective members pursuant to the FLSA, 29 U.S.C. § 216(b). (Mot. for Conditional Certification (ECF No. 28).) Defendant opposed this Motion, arguing that the Court should not utilize the two-stage certification process that most federal courts apply in FLSA collective actions, pursuant to *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). (Opp'n to Mot. for Conditional Certification at 10-11 (ECF No. 38).) According to Defendant, the Court should apply the one-step process that the Fifth Circuit recently outlined in *Swales v. KLLM Transport Services*, 985 F.3d 430 (5th Cir. 2021). Under that standard, district courts must more strictly

4

scrutinize whether putative collective members are truly similarly situated at the outset of the case and authorize preliminary discovery, if needed. *Swales*, 985 F.3d at 441. Defendant also made a brief request to certify the question of what legal standard to apply to FLSA collective certification for an interlocutory appeal to the Fourth Circuit. (Opp'n at 11.)

On February 25, 2022, the Court conducted a conference call with the parties. (Tr. of Conference Call ("Tr.") (ECF No. 62).) During the conference call, the Court informed the parties that it planned to conditionally certify the collective using the two-step process, but it was "highly inclined" to certify an interlocutory appeal on the question of what legal standard to apply to FLSA collective certification. (Tr. at 4:17-6:5.) Additionally, during the call, counsel for Defendant informed the Court that it intended to seek leave to supplement the record with evidence obtained during discovery. (Tr. at 4:8-13.) The Court denied counsel's request for leave. (Tr. at 4:14-15.)

A few days after the conference call, the Court granted Plaintiffs' Motion for Conditional Certification and permitted Defendant to move for certification of an interlocutory appeal within fourteen days. (Order, Feb. 28, 2022 ("Feb. 28 Order") at 2 (ECF No. 64).) The Court also stayed all aspects of the February 28 Order and accompanying Memorandum Opinion pending resolution of the certification issue, except the production of the personal contact information of the putative collective members.

Since then, the parties have filed four motions. This Memorandum Opinion addresses three of them, and a separate Memorandum Opinion addresses the fourth, which concerns tolling the FLSA statute of limitations (ECF No. 69)). On March 14, 2022, Defendant moved to amend the Court's February 28 Order to provide for certification of an interlocutory appeal on the following question:

> What legal standard should courts apply when deciding whether to certify a collective action under the Fair Labor Standards Act?

On March 28, 2022, Plaintiffs responded to this Motion (Pl.'s Mem. in Opp'n to Def.'s Mot. for Interlocutory Appeal ("Opp'n to Mot. for Interlocutory Appeal") (ECF No. 75)), and on April 4, 2022, Defendant replied (Def.'s Reply Mem. in Supp of Mot. for Interlocutory Appeal ("Reply in Supp. of Mot. for Interlocutory Appeal") (ECF No. 77)).

Additionally, on March 14, 2022, Defendant moved for partial reconsideration of the Court's oral order denying it leave to supplement the record for the interlocutory appeal. (Mot. for Partial Reconsideration (ECF No. 65).) Plaintiffs responded on March 28, 2022 (Pl.'s Mem. in Opp'n to Mot. for Partial Reconsideration ("Opp'n to Mot. for Partial Reconsideration") (ECF No. 72)), and Defendant replied on April 4, 2022 (Def.'s Reply Mem. in Supp. of Mot. for Partial Reconsideration ("Reply in Supp. of Mot. for Partial Reconsideration") (ECF No. 76)).

Finally, on March 28, 2022, Plaintiff moved to strike the evidence that Defendant sought to add to the record for the interlocutory appeal. (Mot. to Strike (ECF No. 73)). Defendant responded on April 8, 2022 (Def.'s Mem. in Opp'n to Mot. to Strike (ECF No. 79)), and Plaintiffs replied on April 14, 2022 (Pl.'s Reply in Supp. of Mot. to Strike ("Reply in Supp. of Mot. to Strike) (ECF No. 82)).

On April 13, 2022, the parties jointly requested a hearing on the Motion for Partial Reconsideration and the Motion to Strike. (ECF No. 81.)[3] On May 9, 2022, the Court heard argument on these two Motions. All three Motions addressed above are now ripe for review. With this background in mind, the Court will consider each of these three motions in turn.

---

[3]   The parties also requested a hearing on Plaintiffs' Motion for Equitable Tolling (ECF No. 69), which the Court also addressed during the May 9, 2022 hearing.

## II.     THE MOTION TO CERTIFY AN INTERLOCUTORY APPEAL

### A.     Standard of Review

28 U.S.C. § 1292(b) provides that a district judge may certify for interlocutory appeal any "order not otherwise appealable under this section" when the judge is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is a substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The relevant court of appeals may then, "in its discretion, permit an appeal to be taken from such order." § 1292(b). Section 1292(b) "has been construed as granting district courts 'circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable.'" *Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908 (E.D. Va. 2005) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995)). "[B]ecause § 1292(b) is contrary to the general rule that appeals may be had only after a final judgment, it should be used sparingly and its requirements must be strictly construed." *Id.* (citing *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)); *see Commonwealth ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, 2015 WL 3540473, at *3 (E.D. Va. June 3, 2015) (noting the "gravity of the relief sought" in a request for interlocutory certification (internal quotations and citations omitted)).

Ultimately, district courts should adhere to the general principle that § 1292(b) constitutes "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Indeed, "[e]ven if the requirements of [S]ection 1292(b) are satisfied, the district court has 'unfettered discretion' to decline to certify an interlocutory appeal if exceptional circumstances are absent." *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (citations omitted).

7

B.    **Analysis**

Because § 1292(b) requires Defendant to satisfy all three elements under the Section, the Court will analyze each element in turn.

1.    **Controlling Question of Law**

First, Defendant argues that this case involves a controlling question of law, because it requires only a determination of the proper legal standard to apply, which would materially impact the case. (Def.'s Mem. in Supp. of Interlocutory Appeal at 5-6.) Plaintiffs respond that this case involves a question of fact, and that conditional certification merely allows the Court to exercise its notice-giving function and does not completely dispose of the litigation. (Opp'n to Mot. for Interlocutory Appeal at 5-6.)

The party seeking an interlocutory appeal must first demonstrate that the issue for which the party seeks certification constitutes a "controlling question of law." § 1292(b). "This element may be divided into two requirements: the question must be 'controlling' and must be one 'of law.'" *Integra*, 2015 WL 3540473, at *4. To be "controlling," the Court "must actually have decided [the] question" and resolution of the question must "be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Id.* (internal quotations and citations omitted). Even if a question proves practically or legally controlling, the Court should certify the question for immediate appeal only if the question presents "an abstract legal issue that the court of appeals can decide quickly and cleanly." *United States ex rel. Michaels v. Agape Senior Cmty.*, 848 F.3d 330, 340 (4th Cir. 2017) (quoting *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016) (internal quotations omitted)). Courts should not certify interlocutory appeals when "the question presented turns on whether there is a genuine issue of

fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* at 341 (internal quotations and citations omitted).

The conditional certification issue involves a controlling question of law. First, the determination of whether *Lusardi* or *Swales* should control whether a court certifies a collective presents a purely legal question. Defendant simply seeks clarity on the proper legal standard for collective certification, not whether the Court appropriately applied the facts to a particular standard.

Second, conditional certification constitutes a controlling issue. A question of law "may be dispositive 'either as a legal *or practical* matter,'" in the sense that it would "materially affect the outcome" of the litigation. *Hengle v. Asner*, 2020 WL 855970, at *8 (E.D. Va. Feb. 20, 2020) (citations omitted). The conditional certification question may not terminate the litigation as a legal matter. However, as a practical matter, the more "lenient evidentiary standard" for conditional certification may result in individuals who are not similarly situated receiving notice, thereby increasing the size of the collective. *Holder v. A&L Home Care and Training Ctr., LLC*, 552 F. Supp. 3d 731, 747 (S.D. Ohio 2021). A large conditionally certified collective "can exert 'formidable settlement pressure' on a defendant. This pressure, in turn, may materially affect the case's outcome." *Id.* (first citing *Swales*, 985 F.3d at 436; and then citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 445 (2010) (Ginsburg, J., dissenting)).[4] Thus, because this case presents a controlling question of law, it satisfies § 1292(b)'s first requirement for certifying an interlocutory appeal.

---

[4]    Plaintiffs cite only one case from the Eastern District of Virginia related to a motion to certify an appeal on the proper certification standard under the FLSA. (Opp'n to Mot. for Interlocutory Appeal at 5 (citing *LaFleur v. Dollar Tree Stores, Inc.*, 2014 WL 2121721, at *3 (E.D. Va. May 20, 2014) (declining to grant interlocutory appeal of order denying motion to decertify FLSA collective.) In *LaFleur*, the court declined to grant leave for an interlocutory

## B.    Substantial Ground for Difference of Opinion

Second, Defendant contends that substantial grounds for difference of opinion exist to merit the certification of an interlocutory appeal. (Def.'s Mem. at 6.) Defendant highlights the lack of guiding precedent on the correct standard to apply for FLSA certification in the Fourth Circuit and nationally, as well as the interlocutory appeals that the Fifth and Sixth Circuits have granted on the issue. (Def.'s Mem. at 7-8.) Plaintiffs disagree and characterize the debate surrounding this issue as "a dialogue among courts about how to best exercise their discretion regarding the manner, timing, and scope of notice." (Opp'n to Mot. for Interlocutory Appeal at 6.)

The party moving for interlocutory certification must demonstrate that a "substantial ground for difference of opinion" exists as to the controlling question of law.  § 1292(b).  This "'substantial ground' . . . must arise 'out of a genuine doubt as to whether the district court applied the correct legal standard.'" *Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 527 (E.D.N.C. 2010) (quoting *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007)).  "[T]he mere presence of a disputed issue that is a question of first impression [in the Fourth Circuit], standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Flor v. BOT Fin. Corp (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996) (per

---

appeal of an order conditionally certifying a collective action. *LaFleur v. Dollar Tree Stores, Inc.*, 2013 WL 150722, at *2 (E.D. Va. Jan. 11, 2013).  The court denied this motion due to the "temporary nature of its conditional order to certify a collective," and the fact that the defendant could seek decertification after discovery closed. *Id.* at *4.  This ruling came several years before *Swales*, which recognized the "formidable settlement pressure" that conditional certification places on defendant employers sued under the FLSA. *Swales*, 985 F.3d at 436. Given conditional certification's practical effects on the advancement of litigation, the Court will diverge from *LaFleur* and grant the motion for an interlocutory appeal of the conditional certification order. *Cf. Hengle*, 2020 WL 855970 at *8 (certifying interlocutory appeal even though the questions subject to certification would not completely dispose of the case).

curiam).  "Rather, it is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute."  *Id.* (emphasis supplied) (quotations and alterations omitted).

An absence of unanimity on the question presented alone does not provide a substantial ground for difference of opinion.  *Wyeth*, 703 F. Supp. 2d at 527.  However, courts have recognized that a substantial ground for difference of opinion exists when resolution of the question presented "is not substantially guided by previous decisions" and the question "is difficult."  *DRFP, LLC v. Republica Bolivarina de Venezuela*, 945 F. Supp. 2d 890, 918 (S.D. Ohio 2013) (internal quotations and citations omitted); *see also, e.g., Nat'l Veterans Legal Servs. Program v. United States*, 321 F. Supp. 3d 150, 155 (D.D.C. 2018) (finding substantial ground for difference of opinion, because "there [was] a complete absence of any precedent from any jurisdiction" on the question subject to interlocutory appeal); *Consub Del. LLC*, 476 F. Supp. 2d at 309 ("The requirement that such a substantial ground exist may be met when . . . the issue is particularly difficult and of first impression for the Second Circuit." (internal quotations omitted)); 16 Fed. Prac. & P. Juris. § 3930 (3d ed. 2019) ("The level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case.").

Again, the Court agrees with Defendant and finds that this case also meets the second requirement for certifying an interlocutory appeal.  As the Court noted in its Memorandum Opinion conditionally certifying the collective, "neither the Fourth Circuit nor the Supreme Court has prescribed a process for certification of FLSA collectives."  (Mem. Op. at 5 (citing *Ison v. MarkWest Energy Partners, LP*, 2021 WL 5989084, at *2 (S.D. W. Va. Dec. 17, 2021)).)

Of course, the fact that a case presents an issue of first impression alone does not merit certification; the question needs to have generated a marked "level of controversy" for a court to grant certification. *Cooke-Bates v. Bayer Corp.*, 2010 WL 4789838, at *4 (E.D. Va. Nov. 16, 2010) (citing *Wyeth*, 703 F. Supp. at 527). The Court finds that the question of the correct standard to apply when certifying a FLSA collective has generated sufficient controversy to justify certification. Indeed, the Fifth Circuit took up the issue on an interlocutory appeal just last year, and the Sixth Circuit accepted an interlocutory appeal from the South District of Ohio on the issue only a few months ago. *Swales*, 985 F.3d at 439; *In re A&L Home Care and Training Ctr. et al.*, No. 21-305 (6th Cir. Feb. 4, 2022), ECF No. 12.

Further, as Defendant points out, several other circuit courts have applied the two-step certification process but also recognize that the FLSA's text does not require it, underscoring the lack of clear guidance on the issue. (Def.'s Mem. in Supp. of Interlocutory Appeal at 7 (first citing *Myers v. Hertz Corp.*, 624 F. 3d 537, 555 (2d Cir. 2010) ("[T]he district courts of this Circuit appear to have coalesced around a two-step method, a method which, while again not required by the terms of FLSA or the Supreme Court's cases, we think is sensible."); and then citing *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (noting "conditional certification . . . is neither necessary nor sufficient for the existence of a representative action under the FLSA") (internal quotations omitted); and then citing *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F. 3d 239, 243 (3d Cir. 2013) ("Courts in our Circuit follow a two-step process[.]"); and then citing *White v. Baptist Mem. Health Care Corp.*, 699 F.3d 869, 882 (6th Cir. 2012) (recognizing, but not "adopting," the standard used by district courts); and then citing *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1110 (9th Cir. 2018) (referring to the two-step process as "a balancing test with no fulcrum" that offers district courts "no clue as to what kinds

of 'similarity' matter under the FLSA")).)  In light of the lack of controlling case law on this issue, in addition to the impact that resolution of this issue could have on the likelihood of settlement and length of litigation, the Court finds that a substantial ground for difference of opinion exists that warrants interlocutory certification.

### C.    Materially Advance the Termination of the Instant Litigation

Third, Defendant posits that certification of an interlocutory appeal would materially advance the ultimate outcome of the litigation, because resolution of this issue would significantly impact the scope of notice and the size of the collective, which would directly affect the likelihood of settlement.  (Def.'s Mem. in Supp. of Interlocutory Appeal at 8-9.)  Plaintiffs respond that an interlocutory appeal would not materially advance the litigation, because Plaintiffs would still be entitled to conditional certification, the course and scope of discovery would remain the same, and an interlocutory appeal would unduly delay a trial in this matter. (Opp'n to Mot. for Interlocutory Appeal at 7-8.)

As to § 1292(b)'s third factor, the moving party must establish that certification "may materially advance the ultimate termination of the litigation."  § 1292(b).  Mere speculation regarding the potential pre-trial and trial expenses and effort to be saved by an interlocutory appeal does not satisfy this requirement. *Integra*, 2015 WL 3540473, at *5.  Instead, the Court must examine whether "appellate review might avoid protracted and expensive litigation." *State ex rel. Howes v. Peele*, 889 F. Supp. 849, 852 (E.D.N.C. 1995).  The Court should not permit "piecemeal review of decisions that are but steps toward final judgments of the merits . . ., because they can be effectively and more efficiently reviewed together in one appeal from the final judgments." *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993).

As the Southern District of Ohio found in its opinion certifying an interlocutory appeal on the issue at hand:

> If the [circuit court] defines with any particularity what the similarity standard requires, this would impact the size of the collective and the time it takes to litigate the case. The size of the class and the investments of time and money have a direct bearing on settlement pressure, damages, and how the parties and the Court manage the litigation. So an immediate appeal may move this litigation along.

*Holder*, 552 F. Supp. 3d at 747.

The Court agrees with this analysis. Reversal of the Court's decision conditionally certifying the class and abrogation of the two-step certification process outcome would require the Court to more closely scrutinize the similarities between the putative collective members — or lack thereof — much earlier in the case, thereby increasing the likelihood that it would decline to issue notice. *See Swales*, 985 F.3d at 434 ("[A] district court must rigorously scrutinize the realm of "similarly situated" workers, and must do so from the outset of the case, not after a lenient, step-one "conditional certification."). On the flipside, if the Fourth Circuit affirms the Court's conditional certification decision and retains the two-step process, notice would issue to a larger group of putative collective members. In either case, the size of the collective depends on the Fourth Circuit's decision and directly bears on the potential outcome of settlement proceedings and the scope of damages. Indeed, that is the very reason that the Court stayed the notice process pending resolution of this issue. (Feb. 28 Order at 2.) For these reasons, the third § 1292(b) factor also weighs in favor of certification.

Because this case satisfies all three statutory factors, the Court will certify its February 28 Order for interlocutory appeal on the question of the proper standard to apply for collective certification under the FLSA.

### III.    DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION

Next, Defendant asks the Court to reconsider its oral order denying Defendant leave to supplement the record with evidence obtained during discovery under Rule 54(b), with an eye to allowing the Fourth Circuit to see its evidence of the "potentially dispositive dissimilarities among the Plaintiffs." (Def.'s Mem. in Supp. of Mot. to Reconsider at 5.)  Defendant argues that, in *Swales*, the Fifth Circuit relied on a factual record developed with "eleven depositions, over 19,000 documents produced, and even expert evidence." (Def.'s Mem. in Supp. of Mot. to Reconsider at 6 (quoting *Swales*, 985 F.3d at 434, 441).)  According to Defendant, supplementation would provide the Fourth Circuit with a similarly developed record so that it can determine the proper legal standard for FLSA certification and ensure that the Court has an adequate record on remand. (Def.'s Mem. in Supp. of Mot. to Reconsider at 7, 7 n.7.)

Plaintiffs respond that no judgment exists for the Court to reconsider, because Defendant did not properly move to supplement the record under the Local Rules. (Opp'n to Mot. for Reconsideration at 2-3.)  They urge the Court to treat Defendant's Motion as an attempted end-run around the supplementation requirements of Federal Rule of Appellate Procedure 10 and the Court's previous instruction not to supplement. (Opp'n to Mot. for Partial Reconsideration at 1.)  They also argue that even if the Court had issued a judgment that it could reconsider, Defendant has not satisfied Rule 54(b), and that supplementing the record on appeal would be procedurally improper and substantively unfair. (Opp'n to Mot. for Reconsideration at 3-9.)

As discussed above, during the conference call between the parties, the Court orally denied Defendant's request for leave to supplement the record with an evidentiary

appendix. (Tr. at 4:8-16.)  The following portion of the conference call transcript reflects

this exchange:

> [COUNSEL FOR DEFENDANT]:  Our plan was to submit a motion for leave to
> file an evidentiary appendix, additional information obtained during discovery
> and the like, as well as a summary of that evidence to kind of just alert for the
> Court, as well as a short memorandum of law addressing the effect of that
> discovery on the case at this stage.
>
> THE COURT: All right.  I'm not allowing that.  You can forget that.  That's not
> going to happen.
>
> [COUNSEL FOR DEFENDANT]:  Okay.

(Tr. at 4:8-16.)

The Court will deny Defendant's Motion for Partial Reconsideration of this oral

order prohibiting supplementation.  To be sure, the Court disagrees with Plaintiffs and

finds that its oral order constitutes a "judgment" pursuant to Rule 54(b).  Nevertheless, it

also finds that Defendant does not satisfy Rule 54(b)'s requirements for reconsideration.

Rule 54(b) gives courts the power to "revise[ ] at any time before the entry of a

judgment" any order or decision "that adjudicates fewer than all the claims or the rights

and liabilities of fewer than all the parties."  Fed. R. Civ. P. 54(b).  "Said power is

committed to the discretion of the district court."  *Am. Canoe Ass'n v. Murphy Farms,*

*Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).  Courts exercise this discretion to fulfill "[t]he

ultimate responsibility of the federal courts . . . [which] is to reach the correct judgment

under law."  *Id.*  Rule 54(b) applies to "any [interlocutory] order or decision, however

designated," including those not included in a formal written order.

Courts in this district grant motions to reconsider only when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and . . . motion[s] to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).  Courts will not grant motions to reconsider that simply ask it to "rethink what the Court had already thought through — rightly or wrongly." *Shanklin v. Seals*, 2010 WL 1781016, at *3 (E.D. Va. May 3, 2010) (quoting *Above the Belt, Inc.*, 99 F.R.D. at 101)).

Here, Defendant requested leave to supplement the record — albeit without a written brief as required by Local Civil Rule 7(F)(1) — and the Court denied its request, thereby making an interlocutory "judgment" under Rule 54(b).  However, the Court will not reconsider its oral order on this request.  Defendant does not suggest that the Court materially misunderstood the request during the telephonic conference, or that the Court made a decision outside the adversarial issues.  Nor has Defendant alerted the Court of a significant change in the law or facts since it requested leave to supplement the record during the conference call.  Thus, the Court will deny the Motion for Partial Reconsideration.

Even if the Court characterized Defendant's Motion to Reconsider purely as a request to supplement the record (rather than as a motion to reconsider the Court's denial of Defendant's first supplementation request), the Court would still deny the Motion. Rule 10(a) of the Federal Rules of Appellate Procedure provides that:

> The original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court shall constitute the record on appeal in all cases.

Further, under Rule 10(e) of the Federal Rules of Appellate Procedure, a district court may supplement or modify on appeal if (1) "any difference arises as to what occurred in the district court;" or (2) "if anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. Proc. 10(e)(1)-(2).

"[T]he purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review." *Rutecki v. CSX Hotels, Inc.*, 2007 WL 1795624, at *4 (S.D. W. Va. June 20, 2007) (citations omitted); *see also Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 973 n.8 (4th Cir. 1990) (holding that the district court correctly declined to supplement the record on appeal with discovery documents that the plaintiffs had "not filed . . . or brought to the attention of the district court, as it considered the various papers in evaluating the motion for summary judgment" on appeal before the Fourth Circuit). Here, the 5,656 pages of discovery materials that Defendant seeks to add to the record were not before the Court when it reviewed Plaintiffs' Motion for Conditional Certification and issued the February 28 Order conditionally certifying the collective. Thus, the Court declines to reconsider its oral order barring Defendant from supplementing the record.

## IV.   PLAINTIFF'S MOTION TO STRIKE

Finally, and relatedly, Plaintiffs move to strike Defendant's supplemental discovery material attached to its Memorandum in Support of its Motion for Partial Reconsideration. (Mot. to Strike at 1.) They argue that, even if the Court denies Defendant's Motion for Partial Reconsideration, the materials would still comprise part of the record should the Fourth Circuit grant an interlocutory appeal. (Pl.'s Mem. in

Supp. of Mot. to Strike at 1-2 (ECF No. 74).) Plaintiffs fear that these materials may unfairly skew the Fourth Circuit's review of this case, should the court grant an interlocutory appeal. (Mem. in Supp. of Mot. to Strike at 1.)

Defendant responds that striking the material would be judicially inefficient, because Defendant concedes that, if the Court denies its Motion for Partial Reconsideration, the evidence would not become part of the record on an interlocutory appeal of the conditional certification issue. (Opp'n to Mot. to Strike at 3.) Moreover, Defendant adds, striking the materials would prove inefficient. (Opp'n to Mot. to Strike at 3-4.) If the Fourth Circuit adopts the certification standard set forth in *Swales* on appeal and remands the case to this Court, the new standard would require the Court to "rigorously scrutinize the real of 'similarly situated' workers . . . from the outset of the case, not after a lenient, step-one 'conditional certification." (Opp'n to Mot. to Strike at 3 (quoting *Swales*, 985 F.3d at 434).) Thus, on remand, Defendant would refile the evidence in question. (Opp'n to Mot. to Strike at 3.) Further, Defendant explains, if the Fourth Circuit does not adopt the *Swales* standard, then Defendant would move for decertification and attach the evidence submitted with its Motion for Partial Reconsideration. (Opp'n to Mot. to Strike at 3.) In other words, Defendant contends, the evidence will inevitably become part of the record. (Opp'n to Mot. to Strike at 4.)

The Court agrees with Plaintiffs and will grant the Motion to Strike to preserve the integrity of the record. As discussed above, Rule 10(a) of the Federal Rules of Appellate Procedure provides that "[t]he original papers and exhibits filed in the district court . . . shall constitute the record on appeal in all cases." The Court will deny the Motion for Partial Reconsideration, as discussed above. But, if it does not also strike the

proposed additional evidence, then that evidence would become part of the appellate record, pursuant to Rule 10(a). *See Remgrit Corp v. Remington Arms Co., Inc.*, 7.3d 225 (Table), 1993 WL 362038, at *2 (4th Cir. 1993) (recognizing that an exhibit attached to a motion that the district court denied had become part of the record).  The Court never had the opportunity to review the discovery materials that Defendant submitted when addressing the conditional certification motion.  As such, they should not become part of the record on appeal.  Should Defendant seek to rely on these materials in a motion for decertification or on remand, it may refile them then.  For these reasons, the Court will grant the Motion to Strike.

## IV.    CONCLUSION

For the reasons set forth above, the Court hereby:

1.    GRANTS Defendant's Motion to Certify an Interlocutory Appeal (ECF No. 67) and CERTIFIES FOR INTERLOCUTORY APPEAL the following question:

> What legal standard should courts apply when deciding whether to certify a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b)?

2.    AMENDS its February 28 Order (ECF No. 64) to certify an appeal on this question to the Fourth Circuit;

3.    DENIES Defendant's Motion for Partial Reconsideration (ECF No. 65); and,

4.    GRANTS Plaintiff's Motion to Strike (ECF No. 73).

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Date:  May 10, 2022