IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SHAREY THOMAS *et al.*,
individually and on behalf
of all others similarly situated,
    Plaintiffs,

v.                                                                                                               Civil No. 3:21cv498 (DJN)

MAXIMUS, INC,
    Defendant.

**AMENDED ORDER**
**(Granting in Part and Denying in Part Motion for**
**Conditional Certification and Notice,**
**Staying Case and Certifying Interlocutory Appeal)**

Plaintiffs Sharey Thomas, Jennifer Gilvin, Laura Vick, Shannon Garner, Nyeshia Young and Olga Ramirez ("Plaintiffs") bring this action individually and on behalf of all other similarly situated individuals against Defendant Maximus, Inc. ("Defendant"), alleging violations of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b) ("the FLSA"); the Kansas Wage Payment Act ("KWPA"), Kan. Stat. Ann. § 44-313, *et seq.*; the Kentucky Wage and Hour Act ("KWHA" or "Kentucky Act"), Ky. Rev. Stat. Ann. §§ 337.010, *et seq.*; the Louisiana Revised Statutes ("LWPA" or "Louisiana Wage Payment Act"), La. Rev. Stat. § 23:631, *et seq.*, Louisiana Civil Code, La. Civ. Code Arts. 2315, 2298 (collectively, "Louisiana Law"); Mississippi common law; Missouri common law, Mo. Rev. Stat. §§ 290.500, *et seq.*; Texas common law; and Virginia common law. Plaintiffs assert their FLSA claims as a collective action under § 16(b) of the FLSA, 29 U.S.C. § 216(b), and assert the state law claims as class actions under Federal Rule of Civil Procedure 23. This matter now comes before the Court on Plaintiffs' Opposed Motion for Conditional Certification and Notice

to Putative Class Members ("Pl.'s Mot." (ECF No. 28)). For the reasons set forth in the accompanying Memorandum Opinion, the Court hereby GRANTS IN PART AND DENIES IN PART the Motion.

Further, pursuant to the Court's May 10, 2022 Order amending its February 28, 2022 Order ("the February 28 Order") (ECF No. 64)), the Court hereby AMENDS the February 28 Order (ECF No. 64) to CERTIFY AN INTERLOCUTORY APPEAL of the same on the following question:

> What legal standard should courts apply when deciding whether to certify a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b)?

Finally, the Court hereby STAYS all aspects of this case pending resolution of the interlocutory appeal, except the production of the personal contact information of the potential plaintiffs.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: May 10, 2022