IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SHAREY THOMAS *et al.*,
*individually and on behalf
of all others similarly situated*,
    Plaintiffs,

v.                                                Civil No. 3:21cv498 (DJN)

MAXIMUS, INC.,
    Defendant.

## MEMORANDUM OPINION
### (Granting Motion for Equitable Tolling)

Plaintiffs Sharey Thomas, Jennifer Gilvin, Laura Vick, Shannon Garner, Nyeshia Young and Olga Ramirez ("Plaintiffs") bring this action individually and on behalf of all other similarly situated individuals against Defendant Maximus, Inc. ("Defendant"), alleging violations of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b) ("the FLSA"); the Kansas Wage Payment Act ("KWPA"), Kan. Stat. Ann. § 44-313, *et seq.*; the Kentucky Wage and Hour Act ("KWHA" or "Kentucky Act"), Ky. Rev. Stat. Ann. §§ 337.010, *et seq.*; the Louisiana Revised Statutes ("LWPA" or "Louisiana Wage Payment Act"), La. Rev. Stat. § 23:631, *et seq.*, Louisiana Civil Code, La. Civ. Code Arts. 2315, 2298 (collectively, "Louisiana Law"); Mississippi common law; Missouri common law, Mo. Rev. Stat. §§ 290.500, *et seq.*; Texas common law; and Virginia common law. Plaintiffs assert their FLSA claims as a collective action under § 16(b) of the FLSA, 29 U.S.C. § 216(b), and assert their state law claims as class actions under Federal Rule of Civil Procedure 23.

This matter now comes before the Court on Plaintiffs' Opposed Motion for Equitable Tolling. (Mot. (ECF No 69).) For the reasons set forth below, the Court hereby GRANTS the Motion.

## I. BACKGROUND

On July 30, 2021, Plaintiffs filed their original Complaint. (ECF No. 1.) They filed their Amended Complaint on November 2, 2021. (ECF No. 26.) In Count One, Plaintiffs bring a collective action against Defendant under the FLSA. (Am. Compl. ¶¶ 90-120.) In Counts Two through Nine, Plaintiffs bring class actions under the laws of Florida, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Texas and Virginia. (Am. Compl. ¶¶ 121-295.) Based on these claims, Plaintiffs, on their own behalf and on behalf of the Putative Class Members, seek class certification under the FLSA and pursuant to the relevant state laws, unpaid wages, costs and expenses, attorneys' fees, pre- and post-judgment interest, a service award for Plaintiffs and accounting of Defendant's books and records. (Am. Compl. ¶ 296.)[1]

On November 3, 2021, Plaintiffs moved for conditional certification and notice to putative class members pursuant to the FLSA, 29 U.S.C. § 216(b). (Mot. for Conditional Certification (ECF No. 28).) Defendant opposed this Motion, arguing that the Court should not utilize the two-stage certification process that most federal courts apply in FLSA collective actions pursuant to *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). (Opp'n to Mot. for Conditional Certification at 10-11 (ECF No. 38).) According to Defendant, the Court should apply the one-step process that the Fifth Circuit recently outlined in *Swales v. KLLM Transport Services*, 985 F.3d 430 (5th Cir. 2021). Under that standard, district courts must pay closer

---

[1] For the purposes of this Memorandum Opinion, the Court assumes familiarity with the facts underlying Plaintiffs' claims.

2

attention to whether putative collective members are truly similarly situated at the outset of the case and authorize preliminary discovery, if needed. *Swales*, 985 F.3d at 441. Defendant also made a brief request to certify the question of what legal standard to apply to FLSA collective certification for an interlocutory appeal to the Fourth Circuit. (Opp'n at 11.)

On February 25, 2022, the Court conducted a conference call with the parties. (Tr. of Conference Call ("Tr.") (ECF No. 62).) During the call, the Court informed the parties that it intended to conditionally certify the collective under the two-step certification standard. (Tr. at 6:6-18.) It also stated that, after conditional certification, Defendant could move to certify an interlocutory appeal to the Fourth Circuit to clarify the correct standard for FLSA collective certification. (Tr. at 4:17-6:5.) The Court further elaborated that it was "highly inclined" to certify an interlocutory appeal on this issue. (Tr. at 5:12.) Additionally, Plaintiffs raised the possibility of tolling the statute of limitations for the putative class members during the stay pending resolution of the interlocutory appeal. (Tr. at 7:10-21.) The Court informed Plaintiffs that they could also file a motion on this issue after it ruled on conditional certification. (Tr. at 7:22-8:1.)

A few days after the conference call, the Court granted Plaintiffs' Motion for Conditional Certification. (Order, Feb. 28, 2022 ("the Feb. 28 Order") (ECF No. 64).) The Order stayed all aspects of the February 28 Order and accompanying Memorandum Opinion, except for the production of the putative collective members' contact information, pending resolution of the certification issue. (Feb. 28 Order at 2.) It also permitted Defendant and Plaintiffs to move to certify an interlocutory appeal and to move to toll the statute of limitations, respectively, within fourteen days. (Feb. 28 Order at 2.)

3

Accordingly, Defendant moved to certify an interlocutory appeal to determine the proper certification standard. (ECF No. 67.) Likewise, Plaintiffs moved to equitably toll the statute of limitations for the putative collective members from February 28, 2022, the date that the Court conditionally certified the class, through the potential interlocutory appeal, at which point the Court would lift its stay. (Mot. at 1.) On March 28, 2022, Defendant responded to the Motion. (Def.'s Mem. in Opp'n to Pls.' Mot. for Equitable Tolling ("Opp'n") (ECF No. 71).) Plaintiffs did not reply, and their time to do so has expired. On May 9, 2022, the Court heard argument on this Motion, among others. During the hearing and in a separate order, the Court granted Defendant's motion to certify the February 28 Order for interlocutory appeal. This Motion is now ripe for review.

## II. STANDARD OF REVIEW

Claims under the Fair Labor Standards Act for unpaid minimum wages, unpaid overtime compensation or liquidated damages are subject to a two-year statute of limitations. 29 U.S.C. § 255(a). Claims arising out of a willful violation of the FLSA are subject to a three-year statute of limitations. *Id.* A putative collective member's FLSA action commences and thereby tolls the statute of limitations when she files a complaint in which she is a party plaintiff along with her written consent to become a party plaintiff, or, if she is not a named party plaintiff in the complaint, when she files written consent to opt in. *Id.* § 256. FLSA collective actions differ from class actions brought under Federal Rule of Civil Procedure 23, where the filing of the class action itself tolls the statute of limitations for the entire putative class. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350-51 (1983) (quoting *Am. Pipe Constr. Co. v. Utah*, 414 U.S. 538, 553-54 (1974)).

4

The doctrine of equitable tolling, which applies to all federal statutes of limitations, applies when the "congressional purpose is effectuated by tolling the statute of limitations." *LaFleur v. Dollar Tree Stores, Inc.*, 2012 WL 4739534, at *2 (E.D. Va. Oct. 2, 2012) (quoting *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 427 (1965)). To determine whether the doctrine applies in a particular case, courts in the Fourth Circuit look to whether (1) a "claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period;" (2) "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," and (3) "extraordinary circumstances beyond a plaintiff's control prevents timely filing of one's claims." *Id.* (first quoting *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990); and then citing *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002)). Courts will not apply the doctrine when "the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 496 U.S. at 96 (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). The Fourth Circuit has emphasized that courts should use the doctrine of equitable tolling sparingly, as "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of law." *Chao*, 291 F.3d at 284 (quoting *Brown*, 466 U.S. at 152). Thus, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 283.

### III. ANALYSIS

Here, Plaintiffs argue that extraordinary circumstances exist in this case to warrant equitable tolling. (Pls.' Mem. in Supp. of Opposed Mot. for Equitable Tolling ("Pls.' Mem.") at 5-6 (ECF No. 70).) Specifically, they have diligently sought to

preserve the FLSA claims of the putative collective members, but the Court's stay of this case prevents them from sending notice to these individuals, which therefore limits their ability to opt in. (Pls.' Mem. at 5-6.) For that reason, they request that the Court toll the statute of limitations for the period beginning when the Court issued the February 28 Order granting conditional certification and staying the case through the return of the case from the Fourth Circuit. (Pls.' Mem. at 7.) Defendant responds that equitable tolling conflicts with the FLSA's statutory limits, and that Plaintiffs have failed to demonstrate any extraordinary circumstances that merit equitable tolling. (Opp'n at 5-11.)

The Court agrees with Plaintiffs and will grant the Motion for equitable tolling. The combination of the Court's February 28, 2022 stay and certification for interlocutory appeal prevents putative opt-in plaintiffs from receiving notice of the lawsuit, and their claims may consequently become time barred. *See Lorenzo v. Prime Commc'ns, L.P.*, 2014 WL 3366073, at *3 (E.D.N.C. July 9, 2014) (equitably tolling the FLSA limitations period). For that reason, the putative opt-in plaintiffs face extraordinary circumstances beyond their control that justify equitable tolling. Other federal courts have granted equitable tolling under similar circumstances. *See Weckesser v. Knight Enters. S.E., LLC*, 2018 WL 4087931, at *3-4 (D.S.C. Aug. 28, 2018) (granting motion for equitable tolling of limitations period, because the court had previously stayed the case during the pendency of an interlocutory appeal by the defendant); *Lorenzo*, 2014 WL 3366073, *3 (equitably tolling FLSA limitations period due to Defendant's discovery misconduct and "motions for arbitration and related appeals"); *Ruffin v. Ent. of the E. Panhandle*, 2012 WL 28192, at *2-3 (N.D. W. Va. Jan. 5, 2012) (equitably tolling FLSA limitations

period, because the court decided to resolve a setoff issue under the FLSA before determining whether to grant conditional certification); *Adams v. Tyson Foods, Inc.*, 2007 WL 1539325, at *1-2 (W.D. Ark. May 25, 2007) (equitably tolling the FLSA limitations period pending a decision by the Judicial Panel on Multidistrict Litigation on a motion to transfer as a means of maintaining a "even balance" between the plaintiffs and the defendant (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). For these reasons, the Court will grant Plaintiffs' Motion.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Plaintiffs' Opposed Motion for Equitable Tolling (ECF No. 69) and EQUITABLY TOLLS the FLSA statute of limitations from February 28, 2022, the date that the Court stayed this action, until the date that the Court lifts the stay.

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: May 10, 2022